## THE STATE v. WALTER KELLY, Appellant.

### Division Two, November 13, 1912.

1. **CARNAL KNOWLEDGE: Previous Chaste Character: Presumption: Instruction.** It was error, in a prosecution for carnally knowing an unmarried female of previously chaste character, to instruct the jury "that the law presumes that every woman is of chaste character until the contrary appears." The Supreme Court has heretofore clearly indicated its view that the previous chastity of the prosecutrix is an element of the offense, under our statute, which must be both charged and proved.

2. ————: **Pregnancy of Prosecutrix: Evidence.** Evidence of the pregnancy of the prosecutrix is properly admitted in a prosecution for carnal knowledge.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

REVERSED AND REMANDED.

*Farris & Watson* for appellant.

(1) The prosecuting witness over the objection of defendant, was permitted to testify that at that time she was pregnant. When she in her testimony admitted that she had intercourse with persons other than the defendant, and having had equal opportunity with other men to bring about such condition, she should not have been permitted to so testify. (2) Instruction 7, given by the court, which is the reason-

able doubt instruction, and which is in well approved form, and the law, is in direct conflict with instructions 4 and 11, for in 4 and 11 the court removes the presumption of innocence and the burden of proof from the State, and puts the presumption of guilt upon the defendant, as well as the burden of proof. In other words, the jury are told in one breath that the defendant is presumed to be innocent, and that the State is required to prove his guilt, and in the next breath destroys this presumption of innocence, and puts the burden of proof of defendant's innocence upon defendant. Instruction 11 is no doubt a correct principle of law, under the same rule that a man is presumed to be honest until the contrary is shown; so if unchastity were charged against a female, under the general law of presumption she would be presumed to be virtuous until the contrary were shown; but where you charge a defendant with having carnal knowledge of a chaste female, the presumption of innocence of the accused being the greater and more necessary for the protection of the right of the citizen, the chastity of the female is not sustained by the general presumption of virtue, but is an issue of fact, which requires substantive proof; and it is a grievous error to instruct the jury, as was done in this instruction, "that the law presumes that every woman is of chaste character until the contrary appears," when it had previously told the jury that they must believe and find from the evidence that the female at the time of the alleged offense was a woman of previous chaste character, and that the State must prove the same to their satisfaction, and beyond a reasonable doubt. State v. Rosewell, 153 Mo. App. 341; State v. Jacobs, 133 Mo. App. 185; State v. Buck, 120 Mo. 489. But instruction 11 in this case cannot be supported by this rule. State v. Shelly, 166 Mo. 616; State v. James, 133 Mo. App. 304; State v. Meysenburg, 171 Mo. 58. (3) In the prosecution of this offense the previous

chaste character of the prosecutrix is a matter of
proof, and not presumption and must be proven the
same as other material allegations. State v. DeWitt,
186 Mo. 64. And in cases of seduction the State must
not only charge but prove that the prosecutrix was
a woman of good repute. State v. McCaskey, 104
Mo. 647; State v. Fogg, 206 Mo. 731; State v. Darling,
202 Mo. 165; State v. Hickam, 95 Mo. 329.

*Elliott W. Major,* Attorney-General, and *Charles
G. Revelle,* Assistant Attorney-General, for the State.

(1) The testimony of prosecutrix that she was
pregnant at the time of the trial and that her condition
was caused by the act of appellant, was competent.
State v. Palmberg, 199 Mo. 253. If the court's ruling
that this testimony was competent was error, because
prosecutrix had testified that she had had intercourse
with a person other than appellant, it was error in ap-
pellant's favor because it tended to show that prose-
cutrix was unchaste. (2) It is contended that instruc-
tion 11 is wrong, because conflicting with the presump-
tion of innocence instruction and with the reasonable
doubt instruction. This, we believe, presents a ques-
tion of some merit. Instruction 6 is not the law. The
defendant has no right to single out each material
fact and have the court direct the jury that if they
have a reasonable doubt as to such fact, they should
acquit. A doubt as to a single fact in the case is not
enough. The doubt must be upon the whole case:
State v. Wells, 111 Mo. 533; State v. Whalen, 98 Mo.
222. But the giving of this instruction was error in
appellant's favor. Instruction 11, that every woman
is presumed to be chaste until the contrary appears,
is undoubtedly a correct statement of the law. The
question here is whether it was error to give such in-
struction in this case. It is contended that from the
giving of these instructions, a conflict of presump-

tions arose. But, an analysis of the law of presump-
tions will show that there can be no conflict of pre-
sumptions. Where presumptions are said to be in
conflict, it will be found that one of them, at least, is
without basis of fact, and is spoken of as a presump-
tion only upon the assumption that because a pre-
sumption of law sustains the burden of proof, a rul-
ing as to the burden of proof states a true presump-
tion of law. In the case at bar there was a pseudo-
presumption of law that appellant was innocent, and
that remained throughout the trial, and there was also
a true presumption of law that prosecutrix was
chaste. They were not in conflict, because the pseudo-
presumption of innocence was separate and apart
from the legitimate inference of guilt that arose
through the entertaining of the presumption of chas-
tity. While the presumption of chastity may infer
appellant's guilt, it does not interfere with the burden
of proof, the pseudo-presumption of innocence. There-
fore, we submit that there was no conflict between the
instruction on presumption of innocence and the in-
struction on presumption of chastity. Though the in-
struction on presumption of chastity was unquestion-
ably a correct statement of abstract law, it is prob-
ably the true rule that the essential element of chastity
cannot be proved, or looked upon as proved, by a pre-
sumption of law alone. There was evidence that
prosecutrix had lived with her parents until a short
time before the time of the offense charged did not
associate with men nor receive their attentions, and
never had sexual intercourse with any man before the
offense charged. Such evidence has been held suffi-
cient to prove previous chaste character. State v.
Kelly, 191 Mo. 691.

BLAIR, C.—Under an information charging him
with carnally knowing an unmarried female of previ-
ously chaste character, between the ages of fourteen

and eighteen years, Walter Kelly was convicted in the circuit court of the city of St. Louis, sentenced to six months in the workhouse, and has appealed. , .

I.   As the record stood at the close of the evidence, the only actually contested issue of the fact was the previous chastity of the prosecutrix. The trial court instructed, among other things, as to reasonable doubt and the presumption of innocence, and also, over appellant's objection and exception, gave the following:

"The court further instructs you that the law presumes that every woman is of chaste character until the contrary appears."

The learned Attorney-General frankly concedes the seriousness of the question presented by the giving of this instruction. On the question whether the presumption of chastity obtains in a case of this kind and relieves the State of the necessity of bringing forward, in the first instance, evidence of the previously chaste character of the prosecutrix, the decisions in other jurisdictions are not in accord. This court has heretofore clearly indicated (State v. McMahon, 234 Mo. 611; State v. McCaskey, 104 Mo. l. c. 647; State v. Hill, 91 Mo. l. c. 427) its view that the previous chastity of the prosecutrix is an element of the offense, under our statute, which must be both charged and proved. Those text-writers and encyclopaedists who have expressed an opinion agree this is the sounder and more logical rule (Bishop on Statutory Crimes, Sec. 648; 1 Bishop's New Crim. Proc., Sec. 1106; 4 Wigmore on Evidence, Sec. 2528; 25 Am. & Eng. Ency. Law, p. 240) and an examination of the cases tends only to confirm the accuracy of this conclusion. It is undoubtedly true that the practical universality of chastity among women justly gives rise, in most circumstances, to a presumption of chastity on the part of an individual member of the sex; but in criminal prosecutions the presumption of chastity

logically yields to the presumption of defendant's innocence when the two directly conflict, as in this case. It is suggested there can be no such thing as conflicting presumptions and, hence, the conclusion that the presumption of chastity disappears because of its conflict with the presumption of innocence is unsound. Whether this theory is logical when applied to presumptions arising from facts proved by the evidence in a given case it is unnecessary to inquire, since the presumption of chastity does not arise on this record in that fashion. Whether the presumption of innocence be called merely the reason for the rule requiring proof of guilt beyond a reasonable doubt, or be held to be, of itself, substantive evidence in defendant's favor, it cannot long survive if general inferences and presumptions not arising out of the facts proved by the evidence in the case are permitted to overthrow it. Whatever may be theoretically true as to the possibility of a conflict of presumptions, the jury's perplexity when confronted in this case with instructions embodying both the presumption of innocence and that of chastity and their unavailing effort to secure an explanation as to which presumption took precedence, evidences the possibility of a practical conflict productive of confusion and injustice. The instruction complained of should not have been given.

II. There was no error in admitting evidence of the pregnancy of prosecutrix (State v. Palmberg, 199 Mo. l. c. 253) since, as has often been pointed out, pregnancy is evidence of intercourse and intercourse is one of the constitutive elements of the offense charged.

So far as concerns the cross-examination of defendant as to his age it will suffice to say that, if erroneous, the error can easily be obviated on another trial; and the further objections to the instructions may be avoided by observance of the rule laid down in

the preceding paragraph.   The evidence tending to show prosecutrix to be unmarried is not as clear as might be desired and, it may be added, it is to be hoped care will be taken to eliminate all question (State v. DeWitt, 186 Mo. 1. c. 68) as to the sufficiency of the verdict in case another trial is had and conviction secured.

The judgment is reversed and the cause remanded. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.