## COSILITO *v.* STATE OF INDIANA.

[No. 24,967.   Filed March 19, 1926.]

1. CRIMINAL LAW.—*Withdrawal of plea rests in discretion of the trial court, in the absence of a showing of cause.*—In the absence of a showing of cause, the granting or withholding of leave to withdraw a plea of guilty or not guilty rests in the discretion of the trial court.   p. 421.

2. CRIMINAL LAW.—*Refusal of leave to withdraw plea made on arraignment in order to move to quash affidavit or indictment because defendant not furnished with copy not abuse of discretion in absence of request for copy.*—The refusal of leave to withdraw the defendant's plea on arraignment for the purpose of filing a motion to quash the affidavit or indictment on the ground that accused was not furnished a copy thereof was not an abuse of discretion, in the absence of a showing that he had requested such copy, as the statute only requires that it be furnished when requested by the accused or his counsel (§2226 Burns 1926).   p. 421.

3. CRIMINAL LAW.—*Assignment of error not supported by argument or citation of authorities is waived.*—An assignment of error not supported by argument or the citation of authorities is waived. p. 422.

4. RAPE.—*Evidence of pregnancy is admissible in a prosecution for rape, as it constitutes proof of intercourse.*—In a prosecution for rape, evidence of pregnancy is admissible, since pregnancy is proof of intercourse, and intercourse is one of the constitutive elements of rape. p. 422.

5. RAPE.—*Instruction that proof of pregnancy does not prove rape is incorrect in prosecution for rape of girl under the age of consent.*—In a prosecution for rape of a girl under the age of consent, an instruction that proof of pregnancy does not prove rape is incorrect, as such evidence would show that some one had been guilty of the crime. p. 422.

6. CRIMINAL LAW.—*No error in refusing instruction not wholly correct nor one covered by instruction given.*—There is no error in refusing to give an instruction which is not wholly correct or one that is covered by an instruction given by the court. p. 423.

7. CRIMINAL LAW.—*Objection to instruction not made in trial court not considered on appeal.*—An objection to an instruction not made in the trial court will not be considered on appeal. p. 423.

8. CRIMINAL LAW.—*Refusal of instruction applicable only to two counts, one of which was dismissed and defendant was acquitted on the other, was harmless error.*—The refusal of an instruction which was applicable only to two counts of the affidavit or indictment was harmless error where one of such counts was dismissed and the defendant was acquitted on the other. p. 424.

9. CRIMINAL LAW.—*Exclusion of evidence must be made a reason for new trial in order to question it on appeal.*—In order to raise any question on appeal as to the exclusion of evidence, the action of the court must be made a reason for a new trial. p. 424.

10. RAPE.—*Conviction of crime of rape may be based on uncorroborated testimony of prosecuting witness.*—Conviction of the crime of rape on a girl under the age of consent may be based on the uncorroborated testimony of the prosecuting witness. p. 424.

11. CRIMINAL LAW.—*Not sufficient to allege in motion for new trial that prosecuting attorney made improper remarks during trial.*—It is not sufficient to allege generally in a motion for a new trial that counsel for the state made improper remarks during the trial, as reasons for a new trial must be definite and specific. p. 425.

12. CRIMINAL LAW.—*Refusal to discharge the jury because of remarks by prosecuting attorney not error when court admonished jury several times to disregard them.*—Refusal to set aside submission and discharge the jury because of improper remarks of the prosecuting attorney not error where the court told the jury several times to pay no attention to them.   p. 425.

From Elkhart Superior Court; *Verne G. Cauley,* Special Judge.

James Cosilito, alias Vincenzo Cosilito, was convicted of rape, and he appeals.   *Affirmed.*

*Hawley O. Burke* and *Owen S. Boling,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

GEMMILL, J.—In this case, the appellant, who was also named as Vincenzo Cosilito, was charged by affidavit with the crime of rape upon A. D., a female child under the age of sixteen years.   He was found guilty by a jury and the court adjudged that he be fined $1,000, be imprisoned for a period of not less than five nor more than twenty-one years and pay the costs of the action. He has appealed from the judgment.   In the preparation of appellant's brief, Rule 25 of this court has been violated in three particulars.   We would be justified in striking the brief from the files; but we refrain from doing so, because of the seriousness of the judgment and the good faith effort of appellant's counsel to comply with the rules in the earnest presentation of his cause.

The first assignment of error is that the court erred in overruling appellant's motion for leave to withdraw his plea of not guilty.   He desired to withdraw 1, 2. said plea for the purpose of filing a motion to quash the affidavit.   As ground for the motion, he stated that he had not been furnished with a copy of the affidavit at the time of the arraignment.   In the absence of a showing of cause, the granting or withholding leave to withdraw a plea of not guilty rests

in the discretion of the trial court. *Epps* v. *State*
(1885), 102 Ind. 539, 1 N. E. 491. In §2226 Burns
1926, it is provided that whenever requested by the ac-
cused or his counsel, the clerk of the proper court shall
make and deliver to the accused a copy of the indictment
or affidavit, if the person accused has been arrested.
In appellant's motion, it is not shown that any request
had ever been made for a copy of the affidavit. As no
cause was shown, the court did not abuse its discretion
in overruling said motion.

The second assignment of error is that the court erred
in sustaining appellee's objection to the filing of ap-
pellant's motions to strike out certain words in
the affidavit. This specification is not supported
by argument or the citation of authorities, and
this failure causes same to be waived.

3.

Overruling appellant's motion for a new trial is as-
signed as error. Thirty-four reasons for same were
given, several of which are not now relied upon for re-
versal. It is claimed that the record does not show that
appellant was ever arraigned or entered his plea to the
charge. The record has been corrected by certiorari,
and it now appears from same that the appellant waived
arraignment and entered a plea of not guilty.

It was proved that the prosecuting witness was preg-
nant. On this subject, appellant tendered his instruc-
tion No. 19, as follows: "You are instructed
that the only purpose of admitting testimony as
to pregnancy of prosecuting witness is to cor-
roborate the statement of the prosecutrix that she had
sexual intercourse at a certain time. Proof of preg-
nancy does not of itself prove the charge of rape, nor
does it ever tend to prove that the accused was the per-
son with whom prosecutrix had sexual intercourse."
The court refused to give same. Evidence of pregnancy
is properly admitted in a prosecution for rape, since

4, 5.

pregnancy is evidence of intercourse, and intercourse is one of the constitutive elements of the offense charged. *State* v. *Kelly* (1912), 245 Mo. 489, 150 S. W. 1057, 43 L. R. A. (N. S.) 476; *Commonwealth* v. *Duff* (1923), 245 Mass. 81, 139 N. E. 351; *State* v. *McPadden* (1921), 150 Minn. 62, 184 N. W. 568; 22 R. C. L. 1202, §37. In the instant case, there was proof that the prosecuting witness was under the age of consent, being of the age of twelve years; that she had lived in Elkhart for five years, had known appellant and had visited his store for almost ten months. The evidence of the physicians that she was pregnant showed that some one had held illicit relations with her at an unlawful age, and that some one had committed the crime of rape upon her. The statement in the instruction, viz., "Proof of pregnancy does not of itself prove the charge of rape," is not true as to this case. The last clause of the instruction was correct. As part of the instruction did not state the law, the court did not err in refusing to give same. On this subject, the court gave an instruction on its own motion, to which no objection was made in the motion for a new trial. That instruction is not before us for consideration.

Instruction No. 5, tendered by the appellant and refused by the court, informed the jury that they were sole and exclusive judges of the weight of the testimony, that the court had no right and would not express an opinion as to the weight of the evidence, that it was the duty of the court to advise as to the law and then advised the jury as to the measure of proof required when the evidence was largely circumstantial. The essential parts of this instruction are covered by instructions given by the court on its own motion. In this connection, appellant objects to part of the court's instruction No. 9. We cannot consider that objection as same was not raised in the lower court.

Appellant tendered his instruction No. 12 on the subject of intent. This instruction was only applicable to the second and third counts of the affidavit. The second count was dismissed by the state and the appellant was not convicted on the third count, so he was not harmed by the refusal of the court to give said instruction.

It is contended that appellant's instruction No. 5 on the subject of circumstantial evidence, which was refused by the court, should have been given. The subject of this instruction is covered by the court's instruction No. 13, which is in substantially the same language as the requested instruction. No error is assigned in the motion for a new trial in regard to said instruction given by the court. Although appellant's objections to this instruction are not before us, we may add that a consideration of them shows that they are not tenable.

Appellant argues that the verdict was contrary to law, because of the refusal of the court to admit certain testimony offered by appellant. The evidence in question was competent for one purpose, but not for the purpose stated by appellant. The exclusion of same was not given as one of the reasons for a new trial, as should have been done if appellant desired to take advantage of said ruling. It is not shown that the verdict is contrary to law.

The sufficiency of the evidence is questioned by appellant. It is his contention that the only evidence tending to prove his guilt was the uncorroborated evidence of the complaining witness, and that a conviction should not be based upon such evidence. In *Chesterfield* v. *State* (1923), 194 Ind. 282, 294, 141 N. E. 632, this court, in a case in which appellant was prosecuted for the crime of rape, said: "This is not a case where there is any statute requir-

ing the complaining party to be corroborated, and any evidence that is sufficient to convince the jury beyond a reasonable doubt of defendant's guilt is sufficient." The verdict was sustained by sufficient evidence and it is not necessary to state what the evidence was.

By his instruction No. 10, which the court refused to give, the appellant wanted the jury instructed on the subject of the corroboration of the evidence of the prosecuting witness. This instruction did not state the law as set out in *Chesterfield* v. *State, supra,* and did not state the law as applied to the evidence before the jury. Same was properly refused.

It is claimed that there was error because the court did not set aside the submission of the case and discharge the jury, on motion of appellant, because 11, 12. of improper remarks of counsel for the state during the course of the trial. The motion for a new trial, in specification No. 30, does not state what the alleged misconduct of the prosecuting attorney was which was prejudicial to appellant. The reasons assigned in a motion for a new trial must be definite. While this question is not presented in such a way that it should be further considered, we have examined the record in regard to same and we are convinced that there is no merit to this contention of appellant. On page 204 of the record, we find that the court said: "Now, for about the 10th time, the court will tell the jury that they are not to pay any attention to the remarks of counsel to each other and to the court. The only things they are to pay any attention to are the questions and answers which the court permits."

The ruling on the motion for a new trial was not erroneous. Finding no reversible error, the judgment is affirmed.