## STATE *vs.* MORIN.

### Androscoggin.    Opinion March 31, 1927.

*Under an indictment it is not necessary to prove that the offense charged was committed on the day alleged; it is sufficient if it is shown that it was committed within the period of limitation.*

*Although an indictment may not be worded in continunando, yet, acts prior to and also subsequent to the acts charged in the indictment, when indicating a continuance of the offense charged, are admissible.*

In the case at bar the presumption is unescapable that in his charge to the jury the Judge had alluded to the date on which the evidence might lawfully lead them to find that the offense charged had been committed, and that it must be proved to have been committed within the period of limitation, because no exception was taken to any expression in or omission from the charge proper.    While the latitude allowed to the state's attorney in proving the time of commission might have been more certainly hedged about by a different wording of the reply to the question of the jury, yet it is not every failure of perspicacity in instructions to the jury that justifies the awarding of a new trial.    Furthermore the respondent was not prejudiced by omission, at this time of reference to the Statute of Limitations, it being incredible that the evidence submitted to them did not relate to acts done shortly prior to the date alleged.

On exceptions by respondent, indicted for permitting her premises to be used for purposes of prostitution.    Exceptions overruled.    Judgment for the State.

The case is sufficiently stated in the opinion.

*Benjamin L. Berman, County Attorney, and Elton H. Fales, Assistant County Attorney,* for the State.

*George S. McCarty and Louis J. Brann* for respondent.

SITTING:    WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, · BASSETT, JJ.

BARNES, J.    In order to decrease the spread of so-called sexual

diseases, Chapter 112 of the Public Laws of 1919 enacted that it should be unlawful for any person to permit any place, structure, building or conveyance owned by him or under his control to be used for the purpose of prostitution, lewdness or assignation with knowledge or reasonable cause to know that the same is, or is to be used for such purpose. And at the October term for the year 1926, at Auburn, trial was had of one Madame Morin, on an indictment, presenting that on August 21, of that year, this Madame Morin, at Lewiston, in our state, did permit a certain tenement, occupied by her, and then and there under her control, to be used by one Madamoiselle Berube for the purpose of prostitution, setting out what is called in law scienter, by further presenting that Madame Morin then had reasonable cause to know that the tenement so occupied by her and under her control was then and there used for such purpose of prostitution.

"When knowledge is part of a statutory description of an offense it must be alleged, to inform the accused of the exact charge against him, and enable the Court to determine whether crime is alleged, and on proof to render judgment;" *State* vs. *Perley*, 86 Me., 427; "to the end that if he be again prosecuted for the same offense he may plead the former conviction in bar;" *State* vs. *Lashus*, 79 Me. 541.

It was incumbent on the grand jury, in preparing a true bill, on consideration of an act forbidden by the statute above cited, to allege guilty knowledge on the part of the respondent; and the state's attorney was in duty bound to present the evidence available, tending to show her guilty knowledge, to the extent at least that she had "reasonable cause to know" that Madamoiselle Berube, on the day named, used the tenement occupied and under the control of Madame, the respondent, for the purpose of prostitution.

After the trial jury had been impaneled and had heard the technical language of the indictment read, it became the duty of the state's attorney, as the lawfully empowered officer of that Court, to state to the jury, if he deemed it advisable, what was the nature of the crime charged in the indictment; what he purposed to bring before them as evidence of the commission of that crime, and what portions of such evidence should by them, under their oaths, be considered with relation to the allegation of guilty knowledge on the part of the respondent; or, even less than this, what evidence he had to present

that the respondent had reason to know of the use of her tenement as a place of prostitution.

It is assumed that, in his opening address to the jury, the state's attorney directed the attention of the jury to the allegation that prostitution, on the part of Madamoiselle Berube, in the tenement occupied and controlled by the respondent, committed on the twenty-first of August, 1926, was knowingly permitted by the respondent, and, somewhere in the line of his opening statement, the state's attorney, gallantly characterizing Madamoiselle as a "young lady," said, "The state will offer evidence to show that on various occasions the respondent counselled and urged the young lady to engage—", whereupon counsel for the respondent interposed an objection. The Judge allowed the attorney to proceed, and entered and allowed the first exception of counsel, and at a later stage of the case counsel specified that his objection was to statements of the attorney as to evidence of conduct or knowledge of respondent, and to any evidence of such conduct or knowledge, or reasonable cause for knowledge, exhibited or had by the respondent, on any day other than the twenty-first of August, 1926, the day set out in the indictment.

Counsel further alleges grievance, by taking his second exception to the instruction of the Judge, "The date has to be alleged in the indictment as of some particular date, but if any other time,—provided the incident, the offense, is identified,—any other time is shown it is sufficient."

Considering the exceptions in reverse order, the instruction quoted was given after the conclusion of the formal charge of the learned Judge, in answer to a question submitted by the foreman of the jury. Counsel urges that the words "any other time" is an unjustifiable enlargement of the rule that the day, the month and the year when an offense was committed must be alleged in the indictment, although it may not be necessary to prove it to have been committed on that day, as recognized by our Court, from *State* vs. *Hanson*, 39 Me., 337, to *State* vs. *McNair*, 125 Me., 358, 133 Atl. 912.

No element of surprise is injected on the one side, or objected to by the other.

The presumption is unescapable that in his charge to the jury the Judge had alluded to the date on which the evidence might lawfully lead them to find that the offense charged had been committed, and that it must be proved to have been committed within the period of

limitation, because no exception was taken to any expression in or omission from the charge proper. While the latitude allowed to the state's attorney in proving the time of commission might have been more certainly hedged about by a different wording of the reply to the question of the jury, yet it is not every failure of perspicacity in instructions to the jury that justifies the awarding of a new trial. Furthermore the respondent was not prejudiced by omission, at this time, of reference to the Statute of Limitations, it being incredible that the evidence submitted to them did not relate to acts done only shortly prior to the date alleged. *State* vs. *Pike*, 65 Me., 111, *Wood* vs. *Finson*, 91 Me., 281.

So the second exception falls. Similarly of the first wherein it is stated that a member of the police force of the city testified that a witness, called by the State, the aforesaid Madamoiselle Berube, said, in the presence of the respondent, "that she had been calling there (at respondent's house) very frequently, most every day, and at several times while there Miss Morin would tell Miss Berube to go into a room and have relations with men."

At what state of the trial this evidence was offered does not appear, but in several junctures it would be admissible, as to attack the credibility of either of the women named, if they had testified to the contrary, or, at all events, to prove scienter of the respondent.

In objecting to the officer's testimony, counsel for the respondent said, "In order that this objection may appear on the record, I wish to make a formal objection to all evidence that is offered here by the state on any day except the day alleged in the indictment," apparently moving under his second exception already disposed of.

Once more, that there be no uncertainly, although an indictment may not be worded in continuando, yet, "acts prior to and also subsequent to the acts charged in the indictment, when indicating a continuance of illicit intercourse, are admissible in evidence as showing the relation and mutual disposition of the parties*****. The same rule applies where intent, or system, or scienter, may be involved, as illustrated in successive cheats or forgeries, or passing counterfeit money to different persons, and the like." *State* vs. *Witham*, 72 Me., 531; *State* vs. *Williams*, 76 Me., 480.

"But evidence of other crimes of a precisely similar nature to that charged, and not connected with it, though deemed inadmissible to prove the commission of the act involved in the substantive charge,

is yet uniformly received for the limited and specific purpose of aiding to determine the quality of the act and the legal character of the offense by illustrating the intent with which the act was committed. "To prove intent," says Mr. Wharton, "similar evidence is pertinent. One blow given by A to B may be accidental; few counsel would have the audacity to claim accident for eight or ten blows given to A by B at successive intervals under varying conditions. One letter sent by A to B demanding money may be ambiguous; it may cease to appear so if seen in the light of a series of prior letters demanding money with threats whose purport is unmistakable." 1 Wharton Ev., Sections 31, 32. "The proof of criminal intent and of guilty knowledge," says Mr. Bishop, "not generally admitting of other than circumstantial evidence may often be aided by showing another crime attempted or perpetrated and when it can be it is admissible." *State* vs. *Acheson*, 91 Me., 240.

To the same effect see the two cases, *State* vs. *Buckwald*, 117 Me., 344, and *State* vs. *Bennett*, ibid, 113.

Wherefore because, so far as the record is cited to us, the testimony objected to is clearly admissible, the mandate must be,

*Exceptions overruled.*
*Judgment for the State.*