STATE OF MAINE *vs.* WILLIAM BERUBE.

York. Opinion, May 9, 1942.

12

*Harold D. Carroll,* County Attorney, York County, for the State.

*Armstrong & Spill* by *Richard H. Armstrong,*

*Merle C. Rideout, Jr.,* for the respondent.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

MURCHIE, J.   This case come to the Court on exceptions by a respondent convicted in the Superior Court under an indictment charging a violation of the provisions of Section 6 of

Chapter 135 of the Revised Statutes. The exceptions requiring consideration relate to the admission of two items of testimony against the objection of the respondent and to the exclusion of four items of testimony offered in his behalf. Exception in each case was properly taken and allowed.

In addition to these exceptions, counsel for the respondent noted an exception to the action of the justice in the Trial Court in denying a motion for a new trial. The bill of exceptions recites that "an application for appeal" was made a part of the bill of exceptions, but neither the record, nor the docket entries which are a part of it, shows that an appeal was taken.

The requirements of proper practice have been so frequently stated in this regard that it seems unnecessary to do more than call attention to the very complete review of Mr. Justice Wilson in *State* v. *Dodge,* 124 Me., 243, 127 A., 899, and note that the only machinery provided by statute to carry the denial of a motion for new trial to this Court for review is by appeal. R. S. (1930), Chap. 146, Sec. 27. In the absence of such an appeal, denial in the Trial Court represents final adjudication upon all the allegations of the motion. The issue before this Court involves only the question as to whether any evidence was improperly admitted or excluded.

The respondent complains as to the admission of testimony that the female minor named in the indictment was permitted, over objection, to testify to acts of earlier happening between the parties, similar to the offense charged, and relies upon *State* v. *Acheson,* 91 Me., 240, 39 A., 570. The principle declared in that case is not applicable to the present. There evidence of offenses similar to the one charged was admitted not for the purpose of showing intent or relationship between the parties but as proof of such other substantive offenses, upon the express condition, declared by the Court, that the prosecution would be required, before the case was submitted to the jury, to elect which one of the several offenses covered by the testimony was being prosecuted. Decision hinged upon an exception to the charge alleging that it was inadequate and mis-

leading in view of the absence of election and the fact that testimony about four independent acts of assault, committed on different dates, had been introduced. In the instant case we have no exception to the charge nor could one have been taken, since the testimony was admitted only for the purpose of showing the relationship between the parties, for which it was entirely proper. *State* v. *Witham,* 72 Me., 531; *State* v. *Williams,* 76 Me., 480; *State* v. *Bennett,* 117 Me., 113, 102 A., 974; *State* v. *Buckwald,* 117 Me., 344, 104 A., 520; *State* v. *Morin,* 126 Me., 136, 136 A., 808. In point of fact the danger of misapprehension was eliminated by a special instruction given to the jury after consultation with counsel to the effect that respondent was not being tried "upon what occurred before the offense complained of" in the indictment.

As to the second item of admitted testimony of which the respondent complains, the County Attorney was permitted, against objection, to interrogate the respondent in cross-examination as to whether or not he had told the chief of police about (1) having other little girls go to his home, and (2) paying money to such other little girls. It is sufficient answer to the exception that neither of the replies elicited any admission from the respondent which could have operated to prejudice him, but it may be noted also that direct testimony had already been given on both points by the witness referred to and that no objection was interposed when the evidence was first introduced into the case.

As to the exclusion of evidence, the respondent complains that he was not permitted to interrogate (1) the female minor to whom the offense charged relates, and who testified for the State, as to trouble between her mother and the respondent, (2) one presumably disinterested witness, who testified for the defense, as to unusual noises or anything else in connection with the respondent, or his tenement, at the approximate time the offense is alleged to have been committed, (3) another presumably disinterested defense witness as to whether threats had been made against the respondent by said mother, and

(4) to introduce a copy of a complaint and warrant issued from the Municipal Court charging the respondent with a different offense against the particular female minor based upon the identical occurrence to which the indictment relates.

As to the first and third of these points, the testimony relative to trouble between the mother of the minor and the respondent, and threats made against the respondent by that mother, reliance is placed upon the general statement of law set forth in 52 C. J., 1056, Section 81, that a defendant may introduce any competent evidence, either direct or circumstantial, to show that a particular charge against him was concocted by a prosecutrix *or others* (italics ours). Notwithstanding the relationship between parent and child, the record does not disclose that the mother (another within the rule stated) had any connection with the charge, the indictment or any part of the proceedings. She did not appear as a witness, and the testimony is specific that the child did not report the alleged occurrence to her but rather to a third party. There is nothing in the case which would so connect the mother with it as to justify the admission of testimony referring either to trouble between her and the respondent or to her threats against him.

The testimony excluded as to the absence of noise or other unusual circumstances at the scene of the alleged crime at the approximate time thereof was not merely negative in character, which would not necessarily render it inadmissible, but under the particular facts so remote from the issue as to be entirely immaterial, since there was no suggestion in the case that the minor female made any protest, or offered any resistance, which would have created noise or disturbance, or otherwise attract attention to her presence upon the premises. No foundation was laid for the introduction of the evidence excluded on this point.

The exclusion of the Municipal Court record constituted no prejudice against the respondent. The copy of the complaint, which was identified as Respondent's Exhibit No. 1, does not

appear in the record. It may be proper to infer, although the record is silent, that a different offense was charged therein, as is recited in the bill of exceptions, but if that inference is proper, this Court must recognize not only that indictments returned by a Grand Jury represent the judgment of its members as to the exact offense indicated by the evidence adduced before them, but that there is a very distinct line of demarcation between the crime of rape, which is that stated in the bill of exceptions to have been charged in the Municipal Court, and the offense alleged in the indictment, which was adequately proved by testimony in the case if believed by the jurors as the verdict shows it must have been.

We find no prejudicial error in either the admission or the exclusion of the testimony to which the exceptions relate. This leaves for consideration one additional question, raised by counsel for the respondent in argument, that notwithstanding the requirements of the 18th Rule governing practice in our Superior Courts, an entire charge may be considered, in the absence of particular exceptions, to determine whether the jurors may have been misled as to the exact issue requiring decision. The charge before us shows the case submitted to the jury under proper instructions on the evidence presented. The verdict indicates that the jury believed the evidence of the State rather than that offered by the respondent and his witnesses. The case does not fall within the exception to Rule 18 which has been carefully limited by this Court in numerous cases reviewed in the recent decision *Roberts* v. *Neil,* 138 Me., 105, 22 A. (2d), 135, cited, and relied on, in the respondent's brief. *McKown* v. *Powers et al.,* 86 Me., 291, 29 A., 1079; *Pierce* v. *Rodliff,* 95 Me., 346, 50 A., 32; *State* v. *Wright,* 128 Me., 404, 148 A., 141; *Inhabitants of Trenton* v. *City of Brewer,* 134 Me., 295, 186 A., 612.

*Exceptions overruled.*
*Judgment for the State.*

WORSTER, J., dissenting. I am unable to concur in the majority opinion.

The respondent was required to answer, over his objection, and subject to his exception, the following question:

"Do you remember telling the Chief of Police you had little girls go up there and you paid them twenty-five cents, fifty cents and a dollar?"

As I view it, this question was inadmissible, and highly prejudicial, and its admission was not rendered harmless by the respondent's answer or by any other testimony disclosed by the record. *Exception sustained.*

HUDSON, J., dissenting. I concur in the dissent of Mr. Justice Worster.