STATE OF MAINE
*vs.*
VAUGHN HENDERSON

York.   Opinion, March 5, 1958.

*Marcel R. Viger,* for State.

*Chapman, Nixon & Earles,*
*Philip F. Chapman, Jr.,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

TAPLEY, J. On exceptions. The respondent, by indictment, was charged with the crime of statutory rape (Chap. 130, Sec. 10, R. S., 1954). The cause was tried before a jury at the November Term, A. D. 1956 of the Superior Court, within and for the County of York. The docket entries show the respondent filed a motion for a new trial addressed to the presiding justice which was denied. The record of the case discloses an appeal to this denial but the respondent's written argument is silent as to the appeal so we shall consider it as abandoned. Respondent has perfected thirteen exceptions.

## EXCEPTIONS I AND II

These exceptions deal with the court's refusal to strike from the bill of particulars (denominated specifications in the record) certain alleged prejudicial language, the admission of evidence of pregnancy and the overruling of respondent's motion for continuance because of the physical appearance of the prosecutrix being indicative of pregnancy which he said would be highly prejudicial to the respondent's case.

Counsel for the respondent in his brief and argument admits "that it is proper for the prosecution to show that someone had carnally known the prosecutrix at or about a certain date and pregnancy is proof of a most impelling and cogent kind to support such a fact." The respondent thereby makes it unnecessary to consider Exceptions I and II.

## EXCEPTION III

The State sought to introduce evidence of a prior act of sexual intercourse between the respondent and the prosecutrix on May 30th, some weeks previous to the date of the act of rape as charged in the indictment. This evidence was offered not in proof of the crime alleged in the indictment but for the purpose of showing a prior relationship between the parties as bearing on the probability of the occurrence of the alleged rape. At the time of the introduction of the testimony, through the prosecutrix, the presiding justice said to the jury:

> "And at this point I would say to the jury in reception of this evidence, which allegedly happened at some time in May, bearing in mind that the indictment alleges an offense in July, and that at this point I think it is wise to caution you that ultimately, if a Charge is given in this matter, that this evidence you have just heard relating to an incident in May, is not the one for which the respondent is being tried and that evidence has been ruled admissible only for the purpose of showing the relationship between the parties leading up to the incident in July; so I want you to bear that in mind in your reflection of the case."

The justice below in his charge pointed out to the jury that proof of prior acts of intercourse between the respondent and the prosecutrix would not justify a conviction under the indictment. He very carefully explained the purpose of the use of this testimony by saying that they might consider such evidence, if believed, as tending to show a relationship between the parties.

The rule laid down in the case of *State* v. *Berube,* 139 Me. 11, unequivocally allows evidence of prior acts of a similar nature to be shown for the purpose of demonstrating the relationship between the parties. On page 14, the court said:

"In the instant case we have no exception to the charge nor could one have been taken, since the testimony was admitted only for the purpose of showing the relationship between the parties, for which it was entirely proper."

We have reaffirmed this principle in the case of *State* v. *Norton,* 151 Me. 178. Counsel for the respondent argues that the justice also erred in admitting proof of the prior act because it was not described in the State's bill of particulars. The office of a bill of particulars in a criminal case is in the nature of a pleading and is to advise the accused and the court of additional information concerning an accusation that the defendant has committed an act or acts constituting a criminal offense. It enables the accused to prepare his defense and to more effectively plead his acquittal or conviction in bar of another prosecution for the same offense. It also has the effect of compelling the prosecution to observe certain limitations in the submission of evidence. The prosecution is not, however, required by its use to furnish the accused with the evidence which it expects to use. 42 C. J. S., Sec. 156, page 1092. Attention is called to the following quote from 42 C. J. S., Sec. 253; at page 1271:

"The admission of evidence of matters not referred to in a bill of particulars is not erroneous where the bill contains general statements which might be deemed to include such matters."

The burden on the State required it to prove beyond a reasonable doubt the crime alleged in the indictment. The bill of particulars particularized the crime alleged by setting forth the time, the place and some details surrounding its commission. The introduction of the testimony of the previous act between the parties was admissible evidence for jury consideration and could be accepted by them as evidence of the relationship between the prosecutrix and the

respondent. The fact that the State in its bill of particulars did not mention this element of evidence did not cause it to be inadmissible.

Exceptions overruled.

## EXCEPTION IV

Counsel for the respondent in cross-examination of the prosecutrix sought to question her regarding sexual relations that she may have had with other persons. This line of questioning was objected to by the State and the objections were sustained by the court. Evidence of sexual acts performed by prosecutrix with other persons than the respondent is not admissible as an element of defense. "The fact that a woman is unchaste is not a defence to rape." *State* v. *Dipietrantonio*, 152 Me. 41. *State* v. *Flaherty*, 128 Me. 141. The respondent contends that he should be permitted benefit of cross-examination as to the subject matter of sexual activity of the prosecutrix with others which may have taken place at or near the time of the alleged rape because of the evidence of pregnancy. Respondent's counsel has conceded that "pregnancy is proof of a most impelling and cogent kind to support" carnal knowledge of the prosecutrix. He admits the general rule that evidence of unchastity is inadmissible under the circumstances of this case but argues his right of cross-examination of the prosecutrix as to acts of intercourse with others as being an exception to the admitted rule where pregnancy corroborates the testimony of the prosecutrix.

The alleged act of rape took place on July 11, 1956. Trial was had on December 7, 1956, at which time the mother of the girl testified her daughter was then pregnant, thus the condition of pregnancy became known to the jury. The presiding justice told the jury in his charge "Whether or not

this young girl became pregnant as a result of an alleged rape is not to be considered by you as any proof of the respondent's guilt. Conversely, the fact that pregnancy may have ensued from sexual contact with some other person is not a defense, if you find factually that there had been an act of sexual intercourse between - - - - and this respondent, applying, of course, the rules previously given you; so you will in your deliberations give no weight to the fact that this girl may be pregnant in determining the guilt or innocence of this respondent." The person upon whom the rape was alleged to have been committed is a girl thirteen years of age and because of statutory provision, one who has intercourse with her, even with consent, is guilty of statutory rape. *State* v. *Morin,* 149 Me. 279. Evidence of general reputation in the community for unchastity is admissible for the purpose of impeaching the prosecuting witness as to want of consent but in the instant case, where consent is not an element, such evidence is not allowed. *State* v. *Dipietrantonio, supra.* Applying the rules to this case, no evidence is admissible tending to show that the prosecutrix consented to the act.

Counsel for the accused seeks to show by cross-examination of the complaining witness that she on or about the time of the alleged act had intercourse with other persons than the respondent. He argues that the inquiry is not made for the purpose of showing unchastity but because the State has produced evidence that she is pregnant and that her physical appearance, as she testifies, is indicative of pregnancy. He continues by saying that pregnancy is a corroborating circumstance and that the respondent has a right to attack this corroboration in an endeavor to show that someone other than the accused is responsible for the pregnancy in order to minimize its corroborating effect. The prosecutrix testified in detail to the act of sexual intercourse and the events surrounding its commission but nowhere in her direct examination did she involve herself

370

as having the sexual act with anyone other than the respondent.

There is authority to the effect that where pregnancy of a complaining witness in a rape case is brought into the case by the State, it is evidence of probative force against the respondent tending to corroborate her testimony. Under these circumstances it is proper for the respondent to attack it. In *Commonwealth* v. *Duff*, 139 N. E. 351 (Mass.), the court held, on page 352:

> "But in the case at bar evidence of pregnancy and miscarriage had been admitted as a fact of the government's case, against the objection and exception of the defendant; it was evidence of probative force against the defendant and tended to corroborate her testimony. As it was competent for this purpose, it was proper for the defendant to meet it by being permitted to show that another than he was responsible for her condition. This evidence was admissible and it was error to exclude it."

Wigmore on Evidence, Vol. 1, Sec. 168:

> "- - - in prosecutions for rape, rape under age, and seduction, the pregnancy is admissible as evidence at least of the intercourse; the accused's identity being provable by other evidence."

Vol. 44, Am. Jur., Sec. 69, page 942 speaks of evidence of pregnancy in statutory rape cases in the following language:

> "Evidence of pregnancy is properly admitted in a prosecution for statutory rape, since, as has often been pointed out, pregnancy is evidence of intercourse, and intercourse is one of the constitutive elements of the offense charged."

See *People* v. *Boronski*, 47 N. W. (2nd) 42 (Mich.); 75 C. J. S., page 536:

> "Specific acts with others than accused may be shown to rebut corroborating circumstances, as

when the female, whether above or below the age of consent, is pregnant, or has miscarried or given birth of a child, except where the fact of the birth of a child to the prosecutrix, or other corroborating circumstance, is first brought out by accused."

Reference is made to 140 A. L. R., page 361, where a most *comprehensive treatment of the question may be found.* The case of *State* v. *Jameson,* 134 P. (2nd) 173 (Utah), at page 175 states:

"In offenses of this kind it is proper to admit evidence of the pregnancy and birth of a child to the prosecutrix who is an unmarried female as corroborative of her testimony of illicit intercourse, State vs Thompson, 31 Utah 228, 87 P. 709 ---, Cosilito vs State, 197 Ind. 419, 151 N. E. 129."

It is plain to be seen that the introduction by the State of evidence of pregnancy was proper to corroborate the statement of the girl that she had had intercourse with the respondent and the fact of pregnancy, if so found by the jury, could be the basis of inference by them that it occurred as a result of the alleged rape. Counsel for the respondent was not seeking by cross-examination to attack chastity or to show consent but rather he desired by its use to test the probative force of the evidence of pregnancy in its corroborative aspect. This testimony in the minds of the jury could have been most damaging to the respondent, whereas if the right of cross-examination had been granted there could have developed a situation wherein the jury would be faced with a factual determination as to whether the pregnancy was caused by the respondent or some other person. The answers of the prosecutrix could conceivably destroy all corroborative effect of pregnancy.

The respondent should have been allowed the benefit of cross-examination of the prosecutrix on the question of pregnancy.

Exceptions V, VI and VII are sustained in so far as evidence of pregnancy is concerned for the reasons outlined under Exceptions IV.

The sustaining of Exceptions IV, V, VI, and VII makes it unnecessary for us to consider Exceptions VIII, IX, X, XI, XII and XIII.

*Exception III overruled.*

*Exceptions IV, V, VI, VII sustained.*