STATE of Maine

v.

Edric A. LITTLEFIELD.

Supreme Judicial Court of Maine.

May 18, 1966.

Earl J. Wahl, County Atty., Portland, for plaintiff.

Theodore R. Brownlee, Portland, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

MARDEN, Justice.

On appeal. Respondent's exceptions to the refusal of the presiding Justice to direct a verdict in his favor and an appeal from a denial by the presiding Justice of a motion for a new trial raise but one issue, State v. Bobb, 138 Me. 242, 25 A.2d 229, and State v. Lumbert et al., 152 Me. 131, 133, 124 A.2d 746, whether the evidence supports a jury finding of guilt beyond a reasonable doubt.

The appellant was charged with committing a crime against nature with a minor male. Upon defendant's motion for a bill of particulars the State was ordered to file such a bill specifying, among other things, "the specific time and date claimed." In compliance with this the State pleaded that "the act complained of occurred in the nighttime of the 25th day of March A.D., 1965 * * *." The respondent without taking the witness stand offered alibi witnesses.

The evidence which gives rise to the motion for a directed verdict and later the motion for a new trial is found in extracts

from the trial record. The complainant, after identifying himself, was asked:

"Q Do you know the Respondent, Edric A. Littlefield?

"A Yes.

"Q Did you have occasion to see him on March 25, 1965?

"A Yes.

\* \* \* \* \* \*

"Q Ronnie, you had occasion to see Mr. Littlefield on March 25, is that correct, 1965?

"A Yes.

"Q Will you tell the Court and jury, please, what the circumstances were under which you saw him on that day?

"A He stopped and asked me if I would go to his apartment that night.

\* \* \* \* \* \*

Then followed a narration of the conduct of the defendant upon which the charge is based.

On cross-examination:

"Q And, Ronald, are you positive that this was on the night of March 25, last March 25?

"A Yes, right around there.

\* \* \* \* \* \*

"Q And speaking most truthfully, Ronald, you can't recall definitely and for a certainty that it was on March 25 that you went up with Mr. Littlefield, as you say, to his apartment, can you?

"A No."

At the close of the trial respondent moved for a directed verdict based upon insufficiency of evidence and to the denial

of which he reserved exceptions. After a verdict of guilty, respondent, upon the same basis, filed a motion that the verdict be set aside and a new trial granted to the denial of which an appeal was claimed. Both exception and appeal are prosecuted.[1]

The basis for respondent's motions is that the State having pleaded particulars of the charge, its proof is limited to those particulars, that the jury was unjustified in finding guilt absent proof beyond a reasonable doubt of the date particularized, and that the confessed uncertainty of the claimant as to this date renders the verdict untenable.

 Constitutionally (Article I, Section 6, Constitution of Maine) the accused may demand the nature and cause of the accusation and in instances where the discretion of the trial court concludes that the charging instrument expresses the offense in such general terms that the respondent is entitled to specifics, the common law has always recognized an inherent power in the courts to order a statement of particulars whereby the accused may be able adequately to prepare his defense, Commonwealth v. Snelling (Mass.1834) 15 Pick. 321, 330; Commonwealth v. Giles (Mass.1854) 1 Gray 466, 469, and establish a record upon which to plead prior jeopardy, if occasion demands, State v. Henderson, 153 Me. 364, 367, 139 A.2d 515.[2]

 The effect of such specifications on proof is within our present inquiry. No Maine case has been called to our attention directly declaring the point, but by indirection it is clear that the State is limited in its proof to the matters specified. Henderson, supra, at 367, 139 A.2d 515;[3] and State v. Hume, 146 Me. 129, 138, 78 A.2d 496. Texts and other jurisdictions consider the rule established that when a

1. See now Rule 37 Maine Rules Crim.Proc.

2. See now Rule 7(f) Maine Rules Crim. Proc. for bill of particulars, and Rule 16 discovery, inspection, and notice of alibi, Maine Rules Crim.Proc.

3. With qualifications, Henderson, 153 Me. at 367, 139 A.2d 515; Haskins, post, 345 F.2d [5–7] 114.

bill of particulars is furnished it "operates to limit the prosecution in its proof to the specifications therein contained" 27 Am.Jur., Indictments and Informations § 112; and same effect Wharton's Criminal Law and Procedure (Anderson) Vol. 4 § 1870; Wigmore on Evidence 3rd. Ed. Vol. VI § 1848; United States v. Haskins (6 CCA 1965) 345 F.2d 111, [5–7] 114; following United States v. Murray (2 CCA 1962) 297 F.2d 812, [12] 819, cert. den. 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794; and United States v. Neff (3 CCA 1954) 212 F.2d 297, [19] 309 discussing Rule 7 (f) of the Federal Rules of Criminal Procedure "which is substantially a restatement of well-settled principles," and under which proof is limited. See also State v. Davis (1932) 203 N.C. 13, 164 S.E. 737, [37, 38] 745, cert. den. 287 U.S. 649, 53 S. Ct. 95, 77 L.Ed. 561; People v. Parker (1934) 355 Ill. 258, 189 N.E. 352, [2] 363; Commonwealth v. Iannello (1962) 344 Mass. 723, 184 N.E.2d 364, 365, [1, 2] 366 (respondent's entitlement to bill of particulars covered by Chapter 277, Section 40, Annot. Laws of Massachusetts 1956); State v. Kershaw (1958) 234 La. 579, 100 So.2d 873, [2] 874; State ex rel. Schussler v. Matthiesen (1946) 24 Wash.2d 590, 166 P.2d 839, [1–3] 842; and United States v. Glaze (2 CCA 1963) 313 F.2d 757, [2] 759.

■ The State having declared that the date of the offense which it elected to prosecute was March 25, 1965, its proof was limited to that date and to justify a conviction such date had to be established beyond a reasonable doubt.

■ There are three areas in the case which unsettle an objective mind. First, and admittedly, the date which the State specified, and by which it was bound, was chosen upon reconstruction in May of events which occurred two months previously, and the affirmative proof of it came from a leading question by the State's counsel, without objection, but neither proffered by the complainant himself nor grounded upon corroborating facts. On two occasions upon cross-examination the complainant expressed doubt as to its accuracy, the last being a flat statement that he was not certain of the date. We concede that lack of certainty does not necessarily equal reasonable doubt, and this posture of the case alone might well leave the date to be a jury question.

Second, the alibi evidence bearing upon the critical date, while not conclusive, was on its face unshaken.

Lastly, an unambiguous ruling was made during trial that as to date "the point is whether or not the offense was committed within the period of the statute of limitations." In the charge to the jury this ruling was ambiguously corrected, but we are concerned that it was not sufficiently corrective to require the jury to direct their attention to proof beyond a reasonable doubt of the offense on March 25, 1965 as distinct from an offense on an undetermined date within the period recognized by the Statute of Limitations.

In totality, the record is such that we cannot permit this conviction, for an offense on March 25, 1965, to stand.

Appeal sustained. New trial ordered.