STATE of Maine

v.

Granville BONNEY.

Supreme Judicial Court of Maine.

Feb. 4, 1976.

Henry N. Berry III, Dist. Atty., Peter Ballou, Asst. Dist. Atty., Portland, for plaintiff.

Fales & Fales by Roscoe H. Fales, Lewiston, Theodore H. Kurtz, South Paris, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

This is an appeal from four convictions of the crime of rape (17 M.R.S.A. § 3151) resulting in a sentence of imprisonment in the Maine State Prison for "not less than *Ten years* and not more than *Twenty years.*" [1] Because the appeal was initiated by the defendant, the State entered a cross-appeal as allowed by 15

1. The judgment provided: "The sentence imposed as to Count V, VI, & VII to be served concurrently with the sentence imposed as to Count III."

M.R.S.A. § 2115–A(2) and pursuant to Rule 39F, M.R.Crim.P. Since our conclusion is to deny the defendant's appeal, the cross-appeal is rendered moot and need not be discussed further.[2]

Although the indictment contained nine counts alleging separate and distinct acts, the first of which was in March, 1967, and the last being on July 13, 1974, for reasons not relevant to this opinion the jury was required to consider only those acts which were allegedly committed on the following four dates:

| | |
|---|---|
| March 7, 1973 | (Count III) |
| February 15, 1974 | (Count V) |
| April 2, 1974 | (Count VI) |
| May 31, 1974 | (Count VII) |

These dates are critical because, in response to a motion for a bill of particulars[3] the State did in fact specify each of the foregoing as being the precise date that the State would prove under each count. The State thereby became obligated to prove that the criminal acts in fact occurred on each of these days and on no other. *See State v. Wedge*, 322 A.2d 328 (Me.1974).

The appellant argues that since the only evidence to prove these dates was the "uncorroborated testimony of the State's sole witness, the fourteen year old prosecutrix," and since her testimony "was inherently contradictory and inconsistent" as to these precise dates, the Justice below acted erroneously in not granting a motion for judgment of acquittal on all counts. Appellant contends the evidence was insufficient "to permit the jury, without indulging in speculation or conjecture, rationally to conclude beyond a reasonable doubt that the Defendant was guilty as charged in the indictment and the bill of particulars."[4]

As the appeal is thus postured, the real issue before us becomes primarily factual because the jury was clearly and specifically instructed under Counts III, V and VI that "the State must prove that the acts occurred on the dates alleged" and, with regard to Count VII, that "the State must prove that it was committed at the time alleged." To further emphasize the significance of the respective dates, four written verdict forms were given the jury with the following instruction:

"In order to make your task somewhat easier, I have prepared with the consent of counsel written verdict forms for you to use. There are two verdict forms for each of the four alleged offenses. I am going to read them to you now. The first says, 'We, the Jury, find the defendant, Granville Bonney, guilty of the offense of rape committed on March 7th, 1973.' If the Jury is convinced beyond a reasonable doubt as to the defendant's guilt of that offense, that is the verdict form that you should use.

The next verdict form says, 'We, the Jury, find the defendant Granville Bonney not guilty of the offense of rape allegedly committed on March 7th, 1973.' If the Jury has a reasonable doubt as to the proof as to any of the elements of the offense allegedly committed on March 7th, 1973, you should use this verdict form, with regard to that offense.

The other verdict forms follow that same pattern, either guilty or not guilty with the date of the alleged offense so that you can identify it. As you deliberate upon each of the four offenses, when you agree upon a verdict as to a particular offense you should sign the appropriate verdict forms . . . . "

2. The State's cross-appeal sought to claim error in two respects, namely: (1) It was error to grant the appellant's motion for a bill of particulars and (2) it was error to charge the jury that to return a guilty verdict on any one, or on all, counts it must find that the crime, or crimes, were committed on the particular dates. Our decision denying this appeal should not be construed as sustaining either of these claims of error.

3. Rule 7(f), M.R.Crim.P.

4. The quoted language is taken from the appellant's brief wherein the issue on appeal is delineated.

The trial was held on December 19, 1974. The only witness for the State was the alleged victim who was then slightly under fifteen years of age.

With reference to each of the dates specified, on direct examination the prosecutor asked a question similar to the following:

"Q Now, going ahead in your mind to April 2nd, 1974, do you remember during the late afternoon or early evening of that day an incident taking place at the home?

A Yes."

In each instance the young girl was also asked her reason for fixing the particular date which she readily supplied.[5] In addition to the reasons she advanced for being able to specify the various dates, she supplied other relevant data, such as where each incident occurred, the approximate hour involved and differing types of conversation on the various occasions.

On cross-examination certain facts were elicited which, arguably, could cast some doubt on the accuracy of her memory as to the specific dates she had given on direct examination. Illustratively, after being pressed at some length as to whether March 7, 1973, was Friday, she was finally asked:

"Q There is some doubt in your mind as whether it was really March 7th, 1973, or possibly a day or two before or a day or two after, is that right?

A Yes."

Essentially, appellant relies on *State v. Littlefield*, 219 A.2d 755 (Me.1966), as "the case which is most nearly similar to the present case and which should be dispositive of this appeal." We disagree.

In *Littlefield*, although acknowledging that the complainant on cross-examination had expressed uncertainty as to accuracy of the date specified in the bill of particulars, the Court stated:

"We concede that lack of certainty does not necessarily equal reasonable doubt, and this posture of the case alone might well leave the date to be a jury question."

*Id.* at 758.

As we read *Littlefield*, it was this uncertainty *conjoined* with "unshaken" alibi evidence and an ambiguous instruction regarding the necessity of proving the date specified that *in totality* required a reversal of the conviction.

In the instant case the jury instructions left no doubt that the precise dates specified must be proved. The language of the Justice below in his instruction was definitive and without any ambiguity. In addition to the instructions previously quoted the Justice also instructed the jury:

"First, the State must prove that the acts occurred on the dates alleged. . . .

. . . The State must prove the date [of each offense] as alleged."

The questionnaires previously referred to were another reminder to the jury that proof of each specific date was mandatory.

Additionally, as the result of cross-examination, the alibi evidence offered by appellant was not left "unshaken," nor was this evidence so definitive as to exclude the possibility that appellant could have been present at the times and places testified to by the prosecutrix.

5. The episode of March 7, 1973, was identified because the prosecutrix recalled having been reprimanded for being "disruptive in class"; that of February 15th because it happened after a school dance held on Valentine's Day; that of April 2nd because it was two days prior to the young girl's birthday and she had, disobediently, smoked a cigarette in her bedroom, causing the mattress to catch fire; and, finally, that of May 31st because appellant was out of town and on his return learned that the young lady had "skipped school" during his absence.

The jury could determine that four of the five alibi witnesses had such a relationship with appellant as would detract from their credibility. For example, Karl H. Kraul was employed by appellant, kept his mobile home in appellant's yard rent free, and described their relationship as "friendly." Ernest L. Bonney and Charlotte M. Bonney were appellant's brother and sister-in-law. Another alibi witness, a twenty year old girl, admitted she had "been living" with appellant from March 31, 1974, to and including the date of trial (December 19, 1974). The testimony of the final alibi witness did not relate directly to a particularized date and his critical testimony as to a date was ordered stricken as being hearsay.

Appellant did not testify.

In summary, the facts before us are clearly distinguishable from those in *Littlefield*.

■ Having reviewed the evidence · in some detail, we remind ourselves that

"the reasonable doubt which will prevent conviction must be the fact finder's doubt and not that of an appellate court."

*Commonwealth v. London,* 337 A.2d 549, 552 (Pa.1975). Our scope of review is not "to substitute our impressions of the facts for those of the jurors" but "[l]eaving the resolving of weight and credibility of witnesses to the jury, [to] ascertain if there was sufficient evidence presented to justify the verdict of guilty." *State v. Worrey,* 322 A.2d 73, 77 (Me.1974).

■ Tested by these standards and bearing in mind that "[p]roof beyond a reasonable doubt may rest upon the testimony of a single witness,"[6] we can find no legal infirmity in the verdicts.

The entry is:

Appeal denied.

POMEROY, J., did not sit.

All Justices concurring.

6. *State v. Trask,* 223 A.2d 823, 825 (Me. 1966).