**STATE of Maine**

v.

**Peter KOTSIMPULOS.**

Supreme Judicial Court of Maine.

Feb. 12, 1980.

Henry N. Berry, III, District Atty., Peter G. Ballou (orally), Deputy Dist. Atty., Nancy Ziegler, Law Student Intern, Portland, for plaintiff.

Daniel G. Lilley, E. Paul Eggert, Portland (orally), for defendant.

Before McKUSICK, C. J., and ROBERTS, WERNICK and GODFREY, JJ.

ROBERTS, Justice.

After trial by jury, Peter Kotsimpulos was convicted of the crime of theft (17–A M.R.S.A. § 353) of five pork tenderloins from the Hannaford Brothers meat plant in South Portland. The sole issue raised by Kotsimpulos on appeal is the exclusion of evidence of the expressed desire of a Hannaford Brothers supervisor to see that the defendant was relieved of his duties as a federal meat inspector. Finding no error, we affirm the judgment of the Superior Court.

The evidence at trial revealed that police officers had established surveillance at the plant because of unexplained disappearances of meat. Early on the morning of August 10, 1978, the defendant was observed entering the plant, returning to his car, reentering the plant, and finally returning to his car once again some time later. A spot check of meat within the plant revealed five pork tenderloins missing. Upon arrest, the defendant was found to have five pork tenderloins in his coat pocket.

The defendant testified that he did not take the pork loins, that he did not know how they got in his car, but that they got in his pocket because he picked them up off the floor of the car thinking they were a

package of meat he had purchased elsewhere. Defense counsel then attempted to introduce testimony by the defendant that he had been threatened by one Carver. Upon offer of proof, counsel suggested that Carver had expressly warned Kotsimpulos that he was going to see that he, Kotsimpulos, lost his job. The express purpose for offering this evidence was to suggest the possibility that the pork loins had been planted in the defendant's car, thus warranting a reasonable doubt as to his guilt. The presiding justice excluded the testimony on the alternative grounds that (a) it was not relevant (M.R.Evid. 402) and (b) the danger of confusing the jury outweighed the probative value of the evidence. (M.R.Evid. 403).[1]

M.R.Evid. 401 defines relevance as follows:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

 The concept of relevance "rests upon rules of logic or common sense, not of law." Field and Murray, *Maine Evidence* § 401.1 at 53 (1976). Common sense suggests that one measures relevance in a continuum, and that at some stage evidence becomes so remote that its probative impact upon "the existence of any fact that is of consequence" is reduced to zero. When the probative impact reaches zero, the evidence is simply not admissible under Rule 402; but prior to that point, the admission of the evidence may be weighed against other factors under Rule 403.[2]

As we said in *Eaton v. Sontag*, Me., 387 A.2d 33, 38 (1978):

[T]he determination whether evidence is relevant . . . must necessarily rest largely in the sound discretion of the presiding justice as of the time it is offered.

 The presiding justice must exercise his discretion under Rule 403 in determining whether logically relevant evidence is so lacking in probative value that it should be excluded under the circumstances of the case. See Field and Murray, *supra*, § 401.1 at 53–56. The ruling will be reviewed only for abuse of discretion. *State v. Saucier*, Me., 385 A.2d 44, 47 (1978); *see also State v. Doughty*, Me., 399 A.2d 1319, 1323 (1979).

 Evidence of animosity toward a party may be relevant on questions of motive or credibility when the alleged animosity was felt by another party or a witness. *See, e. g., State v. Brown*, Me., 321 A.2d 478 (1974). In this case, Carver was neither a party nor a witness, so the evidence of his threat could be relevant only if there is sufficient logical connection to any other fact of consequence. As this Court held in *State v. Berube*, 139 Me. 11, 15, 26 A.2d 654, 656 (1942), evidence of another person's threats toward the defendant, standing alone, is not admissible to show that that other person had anything to do with the crime charged or the prosecution of the defendant. There must be additional evidence connecting the other person with the crime or with the proceedings, before his feelings toward the defendant become admissible. *See* M.R.Evid. 104(b).

 In the instant case, the suggested fact of consequence was the possible plant-

---

1. The initial ruling was that the evidence was not relevant. After further offer of proof, the presiding justice ruled that "the probative value of this evidence is at best very slight" and that "the evidence rather than assisting the jury is going to confuse the jury and that it will divert their attention from the issue which is before them."

2. M.R.Evid. 402 provides:
 All relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute or by these rules

or by other rules applicable in the courts of this state. Evidence which is not relevant is not admissible.

M.R.Evid. 403 provides:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

ing of false evidence in the defendant's car. Carver's threat was not specifically suggestive of any such intent. Upon inquiry by the presiding justice, defense counsel conceded that there was no evidence that Carver had participated in the surveillance or apprehension of the defendant; nor was there any evidence that Carver had an opportunity to plant the pork tenderloins in defendant's car. Under the circumstances of this case, we find no abuse of discretion in the conclusion of the presiding justice that the probative value of the threat was too slight to warrant the risk of confusing the jury.

The entry is:

Appeal denied.

Judgment of conviction affirmed.

NICHOLS and GLASSMAN, JJ., did not sit.

McKUSICK, C. J., and WERNICK and GODFREY, JJ., concur.