STATE OF MAINE *vs.* HIRAM SCOVIL STEEVES.

Oxford. Opinion September 28, 1916.

*In criminal actions, to whom shall motion for new trial be addressed.*

1. A general motion for new trial in a criminal case is to be addressed to and heard by the Justice presiding at the trial.
2. So a motion for new trial upon the ground of surprise at the trial before the jury must be addressed to and heard by the Justice presiding at the trial.
3. Where a motion for new trial is based upon alleged ground of surprise at the trial and such ground is not apparent from the record, it is not to be inferred but is a fact to be proved and the motion must be verified by affidavit.

Respondent indicted for polygamy under chapter 125, section 4, Revised Statutes. Verdict of guilty. Motion for new trial filed by respondent. Motion overruled.

Case stated in opinion.

*Albert Beliveau,* County Attorney, for State.

*George A. Hutchins,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHIL-BROOK, JJ.

BIRD, J. The defendant was indicted under section 4 of chapter 125, Revised Statutes and, upon trial the jury having rendered a verdict of guilty, filed a motion for new trial upon the following grounds:

1. Because said verdict is against law; 2, against the evidence; 3, against law and evidence and the manifest weight of evidence and 4, "because the respondent says he was taken by surprise by the change of evidence given by the principal witness against him in this court, from evidence given by the same witness in the lower court upon material facts affecting one of the principal issues in the case." No motion for continuance was made during the trial.

As to the first three grounds upon which the motion is based, we must hold that the motion is improperly here. Such motion for new trial in a criminal case should be addressed to and heard by the Justice presiding at the trial. It was so held in *State* v. *Hill,* 48 Maine, 241; and also in *State* v. *Gilman,* 70 Maine, 329, 334. See also *State* v. *Read,* 62 Maine, 134, 135, 136; *State* v. *Smith,* 54 Maine, 33, 36 and *Brown* v. *Moore,* 79 Maine, 216, 217, in which *State* v. *Hill,* supra, is cited with approval. No change in the statutes upon which the conclusions reached in the last named case were based has been discovered. They remain as then, save as amended by Pub. Laws, 1889, c. 152, now R. S., c. 135, § 27, as amended by Pub. Laws, 1909, c. 184 and Pub. Laws, 1913, c. 18. These amendments granting a right of appeal from the decision of the presiding Justice upon motion for new trial in certain criminal cases impliedly recognize the rule of law declared by *State* v. *Hill,* supra. The motion must be dismissed as to the first three grounds

The court finds, however, upon an examination of the record, no reason for disturbing the verdict for either of the first three reasons urged.

The fourth ground upon which a new trial is asked is founded upon a cause not shown by the evidence reported. That defendant was surprised by the change of evidence is not apparent from the record and it is not to be gathered by inference only. It is a fact to be proved and, such being the case, the motion should have been verified by affidavit as to the existence of surprise. Rule XVI; *Emmett* v. *Perry,* 100 Maine, 139, 141. Omitting comment upon the indefiniteness and lack of particularity of the allegation of the fourth ground of the motion, we think the motion should have been addressed to the presiding Justice. In *State* v. *Gilman,* supra, where a motion for new trial on account of the alleged incompetence of a juror was filed and carried to the Law Court, it was held that the court was without jurisdiction and that such motion is addressed to the discretion of the Justice presiding at nisi prius and is to be decided by him. That case is decisive of the present case.

It may not be improper to say that testimony of a witness different from that which he gave on a previous occasion has been held in cases not unlike that under consideration, not to constitute such mistake or surprise as to warrant the granting of a new trial. *State* v. *Webb,* 20 Wash., 500, 501; *State* v. *Miller,* 24 W. Va., 802, 804-805; see also *McNeal* v. *State,* 43 S. W. Rep., 792; *Dillingham* v. *State,* 37 Id., 771.

*Motion overruled.*