STATE *vs.* GEORGE H. GUSTIN et al.

Cumberland.    Opinion December 14, 1923.

*In a trial in a Superior Court for a felony, a motion for a new trial on newly-discovered evidence must first be presented to the Justice who tried the case, and not in the first instance to the Law Court, and from a denial by such presiding Justice of the motion, an appeal may be taken to the Law Court.*

When the evidence in support of a criminal prosecution is so weak or so defective that a verdict of guilty based upon it cannot be sustained, it is the duty of the presiding Justice to direct a verdict in favor of the respondent; but when the evidence is neither weak nor defective, but is ample to justify the jury in finding a verdict of guilty, there is no error in denying a motion for a directed verdict.

On· exceptions and motion by respondents. The respondents were indicted in the Superior Court for the County of Cumberland, at the September Term, 1922, for lascivious cohabitation. During the trial at the close of the testimony counsel for the respondents filed a motion for a directed verdict for the respondents, which was denied by the presiding Justice, and respondents entered exceptions. The jury returned a verdict of guilty as to each respondent, and counsel for the respondents filed a motion for a new trial upon the ground of newly-discovered evidence, which motion was not presented to and argued before the presiding Justice who tried the case, but presented to the Law Court and there argued. Exceptions overruled. Motion dismissed. Judgment for the State.

The case is fully stated in the opinion.

*Clement F. Robinson, County Attorney, and Ralph M. Ingalls, Assistant County Attorney,* for the State.

*Harry E. Nixon,* for the respondents.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, WILSON, DEASY, JJ.

PHILBROOK, J.    Upon a criminal charge, amounting to a felony, these respondents were tried before a jury in the Superior Court for Cumberland County and found guilty. At the close of all the

testimony they filed a motion for a directed verdict in their favor, which motion was denied by the Justice presiding, and to his ruling exceptions were allowed. The motion is based upon two grounds; first, that the evidence is not sufficient to warrant a conviction; second, that the allegations in the indictment are insufficient to permit proof to be offered of the commission of any offense known to law. The second ground is not referred to in the argument before this court and may be properly regarded as abandoned, leaving only the first ground to be considered.

When the evidence in support of a criminal prosecution is so weak, or so defective, that a verdict of guilty based upon it cannot be sustained, it is the duty of the presiding Justice to direct a verdict in favor of the respondent; but when the evidence is neither weak nor defective, but is ample to justify the jury in finding a verdict of guilty, there is no error in denying the motion for a directed verdict, and an exception to the denial must be overruled. *State* v. *Benson,* 115 Maine, 549. A careful examination of the evidence in the case at bar sustains the jury verdict and the ruling complained against. The exceptions must be overruled.

The respondents also present a motion for a new trial based upon the ground of newly-discovered evidence. The record discloses no submission of this motion to any ruling by the presiding Justice, nor adverse decision by him from which an appeal was taken. As to the procedure adopted by the respondents in presenting their motion directly to the Law Court they cite as authority only Spaulding's Practice, Ed. 1881, Page 428, where the author says: "If the motion is founded on any alleged cause not shown by the evidence reported, such as newly discovered evidence, the testimony respecting the allegations of the motion shall be heard and reported by the judge, and the case is then marked law." But the title page of Mr. Spaulding's work shows that he is dealing only with practice and proceedings at law in civil actions, hence rules of practice, or statutory provisions, relating only to criminal cases may sometimes, and often do, find control by judicial mandate or legislative utterance different from those which obtain only in civil cases.

R. S., Chap. 82, Sec. 100 provides that motions for a new trial in criminal cases, tried in either of the Superior Courts, shall be heard and finally determined by the Justice thereof. No discrimination is there made between motions where new trials are requested because

the verdict is against the law and the evidence, and those where such trials are sought upon grounds of newly-discovered evidence. For us to so discriminate would be an attempt at judicial legislation. This principle and procedure has been recognized and adopted in earlier cases. *State* v. *Stain et al,* 82 Maine, 472; *State* v. *Intoxicating Liquors,* 80 Maine, 57.

In a long line of decisions in this State, it has been held that in criminal cases, following the rules of practice at common law, a motion to set aside a verdict as against evidence, or the weight of evidence, is to be decided, in the first instance, by the Justice presiding at nisi prius; that this court sitting in banc has no jurisdiction of such a motion; that there is no provisional statute for it. *State* v. *Perry,* 115 Maine, 203. Where is there to be found any statutory provision giving this court jurisdiction in proceedings like the one at bar? This court is of statutory origin and its jurisdiction is limited by statutory provisions and powers conferred upon it. The common law rule is a wise one, not a technicality, since the presiding Justice sees the witnesses, hears them testify, notes their appearance, and would necessarily be well qualified to say whether a new trial should be granted. Moreover, no protective feature in favor of the respondent is thereby lost, for in *State* v. *Perry,* supra, attention is called to another statute, R. S., Chap. 136, Sec. 28, where, if a motion for a new trial in any criminal case amounting to a felony is denied by the Justice before whom the same is heard, the respondent may appeal from said decision to the next law term. The construction of this statute providing for appeal, and Chap. 82, Sec. 100 supra, is discussed in *State* v. *Brown,* 118 Maine, 164, a case tried in the same Superior Court as that in which the case at bar was tried, and need not here be repeated. Reasoning by analogy from those criminal cases where a new trial is sought because the verdict is against law and evidence, to those where a new trial is sought on ground of newly-discovered evidence, by the assistance of statutory provision and judicial rule, we are unable to discover wherein this court has jurisdiction over the motion at bar. Had the motion been heard and denied by the Justice who tried the case, and an appeal taken, an entirely different legal situation would exist.

> *Exceptions overruled.*
> *Motion dismissed.*
> *Judgment for the State.*