**UNITED STATES of America,
Plaintiff,**

v.

**Gerard PEABODY and Raymond William
Joseph Clermont, Defendants.**

**No. 49592.**

United States District Court
W. D. Washington, N. D.

Dec. 16, 1958.

Charles P. Moriarty, U. S. Atty., and George S. Lundin, Asst. U. S. Atty., Seattle, Wash., for plaintiff.

Gerard Peabody, defendant pro se.

BOLDT, District Judge.

By motion under 28 U.S.C. § 2255 defendant Peabody seeks vacation of the sentence imposed upon him by judgment entered in the above-entitled cause.

On April 23, 1957 Peabody was found guilty by jury verdict on 7 counts of an indictment charging violations of Sections 371 and 2113 of Title 18 United States Code. Thereafter on April 26, 1957 at 3:00 p. m. he was sentenced to a

total of 30 years' imprisonment on all counts, at which time defendant's counsel, J. Edmund Quigley, made an oral statement of defendant's intention to appeal. At that time the court cautioned defendant and Mr. Quigley that "the rules respecting taking of appeals will have to be complied with." Quigley then requested that Peabody be retained in Seattle pending perfection of the appeal. The court immediately informed defendant and his counsel of the necessity of making such arrangements otherwise than with the court since after commitment disposition of the prisoner would be exclusively within the discretion of the Attorney General. (See transcript April 26, 1957 proceedings.)

No showing whatever is made by defendant or Mr. Quigley that either of them at any time during the remaining several hours of the same normal business day made any request to see or in any manner contact each other. Neither of them has asserted on oath, or otherwise, that any such request was made to the United States Marshal or anyone immediately in charge of defendant's custody or that any such request was ever denied. The affidavits of the Marshal also negative any such requests being made or denied. The following day Peabody was transferred to the United States Penitentiary at Alcatraz, California.

At the time of the bank holdup charged in the present case, Peabody was on parole for the unserved portion of a previous sentence for bank robbery. During an overnight recess of the trial in the present case Peabody became unconscious from a self-administered overdose of drugs he had accumulated and secreted in his county jail cell. He was revived by drastic emergency treatment. These circumstances, and others, required careful and expeditious custodial handling of defendant. (See affidavit of the Marshal.)

The essence of Peabody's motion is stated by him: "Petitioner's statutory right of a direct appeal was denied in that it was frustrated by his removal, on the orders of the United States Marshal, 12 hours after sentence, to the United States Penitentiary, Alcatraz, California." (Page 1, defendant's motion.)

A close and thorough examination of the facts of record belies defendant's contention. Perfection of an appeal by and for Peabody was not prevented by the action or nonaction of any agent or official of the United States. On the contrary, if Peabody actually intended and desired to appeal, timely perfection thereof could easily have been accomplished by his attorney. The nonfiling of written notice of appeal, either timely or otherwise, was either because Peabody so directed or because of his counsel's neglect. In neither instance was any official of the United States in any way responsible for the failure of such filing and the consequent failure of appeal. The most that can be said of Peabody's posttrial transfer to Alcatraz is that thereafter it may have made conference with his counsel less convenient; certainly it had no causal relationship whatever to the nonsigning and filing of appeal notice by counsel.

At all times pertinent hereto Peabody was represented by presumably adequately compensated counsel of his own choice. Mr. Quigley is a mature and able member of the bar of this court with extensive experience in the prosecution and defense of various types of criminal cases. As shown by the transcript, Mr. Quigley expressly recognized the requirement for filing written notice of appeal. He also was aware of the time limitation of ten days for filing. (See court order releasing exhibits absent notice of appeal filed within ten days, which order was personally endorsed by Mr. Quigley and entered of record immediately following entry of judgment on April 26, 1957.) Counsel likewise knew, or must be charged with knowledge, that under Rule 37(a) F.R.Cr.P., 18 U.S.C., he personally as Peabody's attorney, could prepare, sign and file the notice of appeal. Under long-established state and federal practice in this district, appeal notices rarely are signed by parties represented by counsel. In his motion and supporting

memorandum Peabody has made no showing that Mr. Quigley was precluded from signing and filing the notice of appeal by any action of any representative of the United States. As previously stated, there is no showing of request for or denial of contact between defendant and his attorney during the several hours following entry of judgment and while both Quigley and defendant were both readily available. Also, it should be noted that in the 3-day interval between the jury verdict and the entry of judgment counsel and defendant readily and conveniently could have made any desired arrangements concerning appeal.

Peabody asserts that the Alcatraz regulations preclude correspondence for approximately 30 days after initial admittance of an inmate. This assertion is directly contradicted by his own "Reply to Respondent's Return to Order to Show Cause." Exhibit A attached thereto indicates that Peabody wrote an apparently unexpurgated letter to Mr. Quigley on May 5, 1957, less than 10 days after entry of judgment and still within the period for filing notice of appeal. In view of such falsity in Peabody's statement, it should not and cannot be found from such statement that defendant was held incommunicado at Alcatraz with respect of filing notice of appeal. There is no showing by Peabody that he has ever attempted to file appeal notice or otherwise perfect an appeal. Beyond having counsel make the oral statement of Peabody's initial intention to appeal there is no showing that thereafter defendant instructed counsel to file a written appeal notice which he had personal knowledge would be required.

■■ If the fact that written notice of appeal was not filed was the result of Peabody's directions or understanding with his counsel, then clearly he has no standing now, almost two years later, to contend that he was deprived of his right to appeal. On the other hand, if the failure to file appeal notice was due to neglect of Peabody's counsel, Peabody still is not entitled to the relief sought. "Failure to appeal may not be excused upon a mere showing of neglect of counsel." Dennis v. United States, 4 Cir., 1949, 177 F.2d 195; Mitchell v. United States, 1958, 103 U.S.App.D.C. 97, 254 F.2d 954 (Justice Reed joining); United States v. Edwards, D.C.D.C.1957, 152 F.Supp. 179.

■ Assuming *arguendo* that Peabody was deprived of the right of appeal, still he would not be entitled to the relief sought on this present motion. Deprival of appeal alone is not sufficient to warrant vacating a criminal sentence. A showing must be made that there was "plain reversible error in the trial." Mitchell v. United States, supra, 254 F.2d at page 955.

Peabody's assertions of trial error are: (1) That defendant was substantially prejudiced when a government witness stated before the jury that he knew defendant while he was confined at McNeil Island Penitentiary. (2) That adjournment was denied when the court was advised that defendant was too ill to continue with the trial. (3) That defendant was substantially prejudiced before the jury by an alleged statement of the court: "I will have to accept your veracity, but as for Peabody, I would and will not believe anything he might say." (4) That defendant was denied fair trial because the court in the presence of the jury gave a long discourse to a group of students and their teacher on the merits of democracy and the duties of a good citizen. (5) That the evidence was insufficient to sustain the verdict.

■■ Having the burden of proof to sustain his allegations of fact, and not asserting financial inability to do so, defendant was required to provide in support of his motion transcript of the portions of record pertaining to his contentions. No portion of transcript covering the evidence and trial proceedings pertaining to any of his assertions has been made a part of the record by defendant. His first four assertions are shown to misrepresent the facts of record by the portions of transcript provided by direction of the court.

Peabody's first assertion does not identify the witness purportedly making the alleged statement. Nevertheless, the reporter made an extended search of his notes of the testimony but failed to disclose any testimony or incident of the type alleged.

Defendant's second assertion is shown to be wholly without merit by the certificate of the two attending physicians and the transcript. Furthermore, the court allowed a continuance from the afternoon of April 22 until the following morning relying upon the representations made by counsel that the defendant was then too ill to continue. That defendant was physically and mentally able to stand trial on the mornings of April 22 and 23, 1957 is shown by the certificates of Drs. Moriarty and Skeels which are part of the record in this cause.

The statement to which Peabody apparently refers in his third assertion is that made by the court to Peabody's counsel on the afternoon of April 22, 1957, in the absence of the jury, when the court was ruling upon the motion by counsel for a continuance. (See transcript of April 22, 1957.) The statement was not as asserted by Peabody and was made without the presence of the jury. Obviously defendant could not have been prejudiced thereby.

As to defendant's fourth assertion, examination of the transcript reporting the court's statement to a group of students makes it plain that nothing contained therein could possibly have been prejudicial to defendant.

■ Defendant's last assertion of error is a mere conclusion. Defendant makes no statement of particulars wherein the evidence allegedly was insufficient. Therefore the assertion cannot be specifically examined and considered. Defendant's failure to provide either allegations of specific inadequacies in the evidence or a full transcript of the evidence make it impossible and unnecessary on the present record to further consider defendant's last assertion of error. Furthermore, it should be noted from the certificate of the reporter that defendant offered no evidence whatever, either of alibi, mistaken identification or other defense and no exception was taken to the charge of the court.

Accordingly, it is hereby Ordered that the defendant Peabody's motion be and the same hereby is denied.

It Is Further Ordered that the clerk of this court forthwith mail or deliver to defendant Peabody herein and to his attorney, to the United States Attorney for this district or his assistant, and to the Warden at Alcatraz, California, each an uncertified copy of this order.