CARLETON CHANDLER WOOD
*vs.*
STATE OF MAINE, ET AL.

Knox.   Opinion, March 5, 1965

*Christopher S. Roberts,* for Plaintiff.

*John Benoit,* for State.

SITTING: WEBBER, TAPLEY, SULLIVAN, MARDEN, JJ.
SIDDALL, J. sat but retired before rendition of this opinion.

WILLIAMSON, C. J., did not sit.

SULLIVAN, J.   The Petitioner before the Superior Court in October 1956 was accused by indictment, tried and found guilty of the felony of attempted escape from State Prison. He is serving the sentence for that crime and at State expense has petitioned for post conviction - habeas corpus relief under the provisions of R. S., 1954, c. 126, §§ 1-A - 1-G,

additional. A hearing has been held upon his petition which was denied by the presiding justice. Petitioner appeals from that decision.

Subsequent to the jury's verdict of guilty in 1956 through his trial counsel the petitioner had filed in conventional form a motion for a new trial but had improperly addressed that motion to "The Supreme Judicial Court."

In felony cases a motion for a new trial must be decided in the first instance by the justice presiding at *nisi prius* in the Superior Court. If denied by such justice the respondent may appeal to the Law Court. R. S., 1954, c. 148, § 30. The motion may not be presented directly to the Law Court. *State* v. *Perry*, 115 Me. 203, 98 A. 634; *State* v. *Steeves*, 115 Me. 220, 98 A. 708; *State v. Gustin*, 123 Me. 307, 122 A. 856; *State* v. *Gross*, 130 Me. 161, 154 A. 187.

In 1956, simultaneously with his misdirected motion for a new trial, the Petitioner had by his attorney filed a companion motion asserting the petitioner's indigency and praying at State cost the procurement of a transcript of the trial evidence, a record of the court proceedings and the services of a legal advocate. This latter motion was denied by the presiding justice who correctly and realistically stated that no funds were at his disposal for accommodation of the motion. The Legislature made funds available for such a motion for the first time in 1957.

The ineffectual motion for a new trial became inert and lapsed.

The Petitioner, in suing for a writ of habeas corpus, remonstrates that after verdict he had requested his trial counsel to file a motion for a new trial and a motion for finnancial subsidy because of petitioner's indigency, that the trial justice had denied the latter motion with resultant prejudice to the Petitioner who, because of his poverty, was

consequentially deprived of his appeal, of due process and of equal protection of the laws in contravention of the prohibitions of the United States Constitution. The Petitioner further protests that his court appointed trial attorney was so "unqualified, incompetent or inefficient in the matter of criminal procedure that by reason thereof an appeal was not duly prosecuted, as requested by the petitioner" to the additory and vitiating deprivation of the petitioner's constitutional rights. The respondents joined issues.

The presiding justice afforded a preliminary hearing to the parties and sequentially made the following findings and rulings:

> " - - - - The basic reason for not carrying forward an appeal was, I find, the ruling of the presiding Justice denying counsel and a record to the indigent petitioner at State expense. *Griffin v. Illinois,* 351 U. S. 12, - - - 351 U. S. 958 - - - The ruling in the instant case was made in October 1956. No funds were available for the purposes requested until action by the 1957 Legislature. Resolves 1957, c. 146. The ruling by the presiding Justice was in accord with our then practice.

> "I find and rule:

> "(1)   That whether an appeal was taken and abandoned, or was not taken, there was no intentional relinquishment of the petitioner's right to appeal within the principles of *Fay v. Noia,* 372 U. S. 391, 439, - - - -

> "(2)   That the petitioner is entitled on this petition to a hearing and determination whether he suffered any prejudice in not securing a review of his case by appeal. *Dodd v U. S.,* 321 F. 2ed 240, 246 - - - -

> "(3)   That the test is whether there 'was plain reversible error in the trial.' *Mitchell v. U. S.,* 254 F. 2d 954 - - - *U. S. v. Peabody,* 173 F. Supp.

> 413. - - - I shall therefore retain the case for fur-
> ther hearing on the record of the October 1956
> trial and such other evidence as may be proper
> - - - - ”

The presiding justice then heard the testimony of the
Petitioner and that of his trial counsel who had represented
the latter during the jury trial of October, 1956. The jus-
tice received in evidence the transcript of the testimony
presented at the 1956 trial.

The justice reviewed the transcript and noted that the
1956 trial produced issues of fact which had been decided
adversely to the Petitioner.

The justice rendered his decision:

> “I find and rule (1) that ‘the jury were warranted
> in believing beyond a reasonable doubt, and there-
> fore in finding, that the respondent was guilty of
> the crime charged against him’ - - - - and (2) that
> there were no errors in the charge or elsewhere
> appearing in the transcript to warrant reversal.
>
> “I find and rule that the petitioner has failed to
> show that there was ‘plain reversible error in the
> trial,’ and that thereby he was prejudiced in not
> securing a review of his case by appeal in 1957
> *(sic.)* - - - -
>
> “It is accordingly
>
> “Ordered:
>
> “That judgment be entered: Petition denied.”

The Petitioner founds his present appeal upon asserted
bifold grievances and errors, that the denial in 1956 by the
trial justice of Petitioner’s appeal or the means of appeal
was a constitutional infringement sufficiently vacating and
voiding Petitioner’s conviction and that at his trial there
was plain and reversible error.

The Petitioner contends that the testimony of State wit-
nesses at his trial, in salient details, was in reciprocal and

annihilative conflict, inducing an insufficiency of credible evidence to justify rendition of the verdict against him. We have painstakingly examined the transcript and we conclude with the presiding justice that there was "no plain reversible error at the trial" and that the Petitioner was not "prejudiced in not receiving a review of his case by appeal" in 1956. In the transcript is contained adequate and credible evidence in support of the verdict.

> " - - - - The general rule is that it is within the province of the jury to weigh and resolve conflicting evidence, and not of the appellate court in review. - - - - "
> *State* v. *Hamilton,* 149 Me. 219, 240.

> " - - - - There was a conflict of credible evidence, sufficient either to establish or to defeat the claim of the plaintiff. The degree of credibility to which witnesses are entitled is for a jury and not a court to decide. *Parsons v. Huff,* 41 Me. 410; *Kimball v. Cummings,* 144 Me. 331, 68A (2nd) 625. The jury made its election as to what should be accepted as true."
> *Wyman* v. *Shibley,* 145 Me. 391.

> " - - - - The jury had the privilege denied us of seeing and hearing the witnesses testify on the stand. Its ability to adjudge veracity was superior to that now afforded us.

> " 'The credence to be given to witnesses, the resolving of conflicts in testimony and the weight to be given to it, are all matters for the jury to settle.' *State of Maine v. Vallee,* 137 Me. 311, 316, 19 A (2d), 429, 431."
> *State* v. *Smith,* 140 Me. 44, 47.

The presiding justice found in the case at bar that "there was no intentional relinquishment of the petitioner's right to appeal within the principles of *Fay* v. *Noia,* 372 U. S. 391, 439 - - - - "

In *Fennell* v. *U. S.* (1964), D. C. Okla., 229 Fed Supp. 451, 10 Cir. 313 F. (2nd) 941), the court held:

> "Since the Court finds that there was no intentional relinquishment of petitioner's right to appeal, the next question is whether or not the trial record reveals any plain reversible error. Or to put it another way did petitioner suffer 'any prejudice in not securing a review by appeal of his trial, conviction and sentence?' See *Dodd* v. *United States,* 9 Cir., 321 F. 2d 240, 246, and cases cited therein."

It is manifest that the presiding justice adopted and observed the impressive and sensibly just reasoning and prescription of *Dodd* v. *United States, supra,* in his resolution of the issues generated in the case at bar.

> "We summarize the cases in the margin. They demonstrate generally the following principles:
>
> (1) failure to appeal may not be excused by a mere showing of *neglect* of counsel;
>
> (2) relief will be denied where there was a calculated decision not to appeal;
>
> (3) in any event there would have to be the additional showing of 'plain reversible error at the trial' in order for relief to be granted.

- - - - - - -

> "There is logic to support a proposition that a failure of counsel to file notice of appeal will only justify relief under Section 2255 (28 U. S. C. A.) where there is also a showing of 'plain reversible error in the trial' (*Mitchell* v. *United States,* supra,)" (259 F. 2d 954) *"United States v. Peabody* (supra)" (173 F. Supp. 413) "and *Glouser* v. *United States* (supra)" (296 F. 2d 853, cert. den. 369 U. S. 825) "(Note 6, supra)"

- - - - - - -

> "We think the sound administration of criminal justice in a case such as ours, requires that the district judge do three things,

(1)  Decide if petitioner should be returned for a hearing.  Possibly a deposition of petitioner and his trial attorney may supply the needed information.

(2)  Hold a hearing, make findings and determine if there was an 'intentional relinquishment' of petitioner's 'known right' to appeal by a 'considered choice' on his own part.

(3)  If there was no intentional relinquishment of petitioner's right to appeal, then as a further part of the hearing, consider evidence, make findings and determine if petitioner suffered any prejudice in not securing a review by appeal of his trial, conviction and sentence."

*Dodd* v. *United States* (1963), 321 F. (2nd) 240, 243, 245.

It is our deliberated opinion that the determination of the issues in the instant case by the presiding justice was sound and correct.  The petition and the present appeal have afforded the virtue of having extended to the Petitioner, even if belatedly, the very consideration with the same impartial result as would have attended upon his motion had it been properly instituted and conclusively prosecuted in 1956.

The mandate shall be:

*Appeal denied.*