**Carleton Chandler WOOD**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

March 3, 1966.

See also 161 Me. 13, 206 A.2d 223.

Christopher S. Roberts, Rockland, Me., for C. C. Wood.

John W. Benoit, Asst. Atty. Gen., Augusta, Me., for the State.

## ORDER ON MOTION FOR RE-HEARING

WEBBER, Justice.

On March 5, 1965 we certified our decision in this case, our opinion given by Sullivan, J., now retired being reported in 161 Me. 87, 207 A.2d 398, cert. den. 380 U.S. 986, 85 S.Ct. 1357, 14 L.Ed.2d 278; 381 U.S. 929, 85 S.Ct. 1570, 14 L.Ed. 2d 688. We recognized that the petitioner had by force of circumstances been effectively denied his right of appeal at the time of trial. In effect we adopted a rule that where one has been improperly deprived of his right of appeal, which he has not waived or abandoned, he may upon a subsequent petition for statutory post conviction relief obtain the equivalent of a late appeal. We deemed the reasoning of Dodd v. United States, 1963, 9 Cir., 321 F.2d 240 "impressive and sensibly just" and were thereby persuaded to require in such cases that the petitioner show " 'plain reversible error at the (original) trial' in order for relief to be granted." This procedural rule relating to burden of proof applies to rich and poor alike. The making of such a procedural rule within a state court system does not involve constitutional issues and is not governed by Federal Court decisions. In Wood the petitioner was represented by counsel, the entire record of the original trial proceedings below were before us and all alleged errors in that trial were fully briefed and argued. Our review became the equivalent of an appellate review upon the merits and we were able to determine that no errors had been committed at trial which

would have availed the petitioner on appeal. As stated in our opinion in Wood, 161 Me. at page 93, 207 A.2d at page 401: "The petition and the present appeal have afforded the virtue of having extended to the Petitioner even if belatedly the very consideration with the same impartial result as would have attended upon his motion (appeal) had it been properly instituted and conclusively prosecuted in 1956."

■ The result in Wood did not depend upon the location of the burden of proof in any event. The record was conclusive. Had the burden rested upon the State, it would have been sustained. No prejudicial errors were apparent. We think, however, that the issues are more readily framed if the petitioner is required to pinpoint those errors which he contends would have availed him on appeal.

■ Desmond v. United States, 1 Cir., 333 F.2d 378, was decided in June, 1964. It was not cited or called to our attention prior to our decision in Wood... The State has now by motion for rehearing afforded us an opportunity to determine whether or not the result reached in Wood is affected by the holdings in Desmond. We note that Desmond does not relate to a state court conviction. It fixes the burden of proof where certain Federal processes are concerned. It does not purport to determine or control the location of the burden of proof in a state court proceeding which is held pursuant to that state's statutory post conviction relief process. There is no intimation in Desmond that where a state court has employed its own post conviction relief processes to afford a full and impartial appellate review of the proceedings at the original trial, such a review does not satisfy all constitutional requirements. We cannot see that Desmond has any bearing on our decision in Wood or requires that we permit a rehearing.

Accordingly the motion for rehearing is denied.

All concur except WILLIAMSON, C. J., not participating.