Carleton Chandler **WOOD**, Petitioner,

v.

Allan L. **ROBBINS**, Warden, Maine
State Prison, Thomaston, Maine,
Respondent.

Civ. No. 8–179.

United States District Court
D. Maine, S. D.

June 8, 1966.

Seymour Nathanson, Portland, Me., for petitioner.

John W. Benoit, Asst. Atty. Gen., State of Maine, Augusta, Me., for respondent.

MEMORANDUM AND ORDER

GIGNOUX, District Judge.

Upon consideration of the petition for writ of habeas corpus filed by petitioner in the above-entitled matter on August 12, 1965; the reply to order to show cause filed by respondent on October 5, 1965; the traverse to reply to order to show cause filed by petitioner on October 8, 1965; the entire record in this proceeding, consisting of petitioner's original trial records and the records of petitioner's post-conviction habeas corpus proceedings in the courts of the State of Maine; and the written and oral arguments presented by Seymour Nathanson, Esq., counsel for petitioner, by petitioner *pro se* and by John W. Benoit, Esq., Assistant Attorney General, counsel for respondent, I find that petitioner has wholly failed to establish that he is in custody in violation of the Constitution or laws or treaties of the United States, 28 U.S.C. § 2241(c) (3), or that he is otherwise entitled to the issuance of the writ, 28 U.S.C. § 2243, for the following reasons:

It appears from the foregoing pleadings and record that petitioner is a prisoner in the Maine State Prison serving a 6 to 12 year sentence pursuant to a judgment of conviction, following a jury trial, at the October 1956 Term of the Knox County, Maine Superior Court, of the crime of attempting to escape from the Maine State Prison. No appeal was perfected from petitioner's conviction. On December 26, 1963, petitioner filed with the Knox County Superior Court a petition for post-conviction habeas corpus relief under the provisions of Me.Rev. Stat.1954, ch. 126, §§ 1–A–1–G additional. After a full hearing, the single justice denied the petition on October 23, 1964, and on March 5, 1965, the Supreme Judicial Court of Maine denied petitioner's appeal from that judgment. Wood v. Maine, 161 Me. 87, 207 A.2d 398, cert. denied, 381 U.S. 929, 85 S.Ct. 1570, 14 L.Ed.2d 688 (1965), rehearing denied, —— Me. ——, 221 A.2d 279 (March 2, 1966).

The sole ground asserted by petitioner in support of his petition for post-conviction relief in the Maine courts, and in his present petition in this Court, is that he was deprived of his right to appeal from his original conviction by reason of his indigency, when the presiding justice denied his request for the appointment of counsel and a copy of the record for the purpose of prosecuting an appeal. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, rehearing denied, 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480 (1956). I am satisfied, however, that the petitioner has received in his state post-conviction proceedings the equivalent of an appeal from his original conviction, and that petitioner has not been prejudiced by his inability to obtain an appeal in 1956.

The record discloses that following the filing of his petition for post-conviction relief, the single justice provided petitioner with a preliminary hearing, following which he found and ruled:

"(1) That * * * there was no intentional relinquishment of the petitioner's right to appeal within the principles of Fay v. Noia, 372 U.S. 391, 439 [83 S.Ct. 822, 9 L.Ed.2d 837] * * * (1963).

"(2) That the petitioner is entitled on this petition to a hearing and determination whether he suffered any prejudice in not securing a review of his case by appeal. Dodd v. U. S., 321 U.S. [F.2d] 240, 246 (C.A.9 1963).

"(3) That the test is whether there was plain reversible error in the trial. Mitchell v. U. S. [103 U.S.App.D.C. 97], 254 F.2d 954 (C.A.D.C.1958); U. S. v. Peabody, 173 F.Supp. 413 (U.S.D.C. Wash.1958)."

The single justice then held a further hearing, at which he heard the testimony of the petitioner and his original trial counsel and received in evidence the transcript of his trial, and further received the written and oral arguments of petitioner and counsel appointed to represent him in his post-conviction proceedings.

After a review of the transcript, the single justice found and ruled:

" * * * that the case presented issues of fact which were found adversely to the position of the petitioner.

" * * * that 'the jury were warranted in believing beyond a reasonable doubt, and therefore in finding, that the respondent was guilty of the crime charged against him' (citations omitted).

" * * * that there were no errors in the charge or elsewhere appearing in the transcript to warrant a reversal.

" * * * that the petitioner has failed to show that there was 'plain reversible error in the trial,' and that thereby he was prejudiced in not securing a review of his case by appeal in 1957. Dodd v. U. S., (supra); Mitchell v. U. S., (supra); U. S. v. Peabody, (supra)."

The record further discloses that in denying petitioner's appeal from the judgment of the single justice denying the petition, the Supreme Judicial Court "painstakingly examined the transcript" and agreed with the court below "that there was 'no plain reversible error at the trial' and that the Petitioner was not 'prejudiced in not receiving a review of his case by appeal' in 1956." Wood v. State, 161 Me. at 91, 207 A.2d at 400. Thus, the court observed that the transcript contained "adequate and credible evidence" to support the verdict, id., and concluded:

"It is our deliberated opinion that the determination of the issues in the instant case by the presiding Justice was sound and correct. The petition and the present appeal have afforded the virtue of having extended to the Petitioner, even if belatedly, the very consideration with the same impartial result as would have attended upon his motion had it been properly instituted and conclusively prosecuted in 1956." Id. at 93, 207 A.2d at 401.

And in its order denying a rehearing, the Maine court further observed that since the petitioner had been "effectively denied his right of appeal at the time of

trial," he had been permitted in his subsequent post-conviction proceeding to obtain "the equivalent of a late appeal." Wood v. State, —— Me. at ——, 221 A.2d at 279. It noted that in the post-conviction proceeding,

> " * * * the petitioner was represented by counsel, the entire record of the original trial proceedings below were before us and all alleged errors in that trial were fully briefed and argued. Our review became the equivalent of an appellate review upon the merits and we were able to determine that no errors had been committed at trial which would have availed the petitioner on appeal." Id. at ——, 221 A.2d at 279.

And finally, in answer to the petitioner's contention that he had been prejudiced by being required to show "plain reversible error at the trial," compare: Desmond v. United States, 333 F.2d 378 (1st Cir. 1964), the court stated:

> "The result * * * did not depend upon the location of the burden of proof in any event. The record was conclusive. Had the burden rested upon the State, it would have been sustained. No prejudicial errors were apparent * * *." Wood v. State, —— Me. at ——, 221 A.2d at 280.

 Having reviewed with care the entire record in these proceedings, I concur with the conclusion of the Maine court that petitioner has been afforded in his state post-conviction proceeding the "equivalent of an appellate review upon the merits." I am further persuaded from an examination of the entire transcript of the petitioner's original trial, and after a consideration of all the alleged errors in that trial as briefed and argued by petitioner, that there were no errors therein which would have warranted a reversal. Being satisfied, therefore, that petitioner has been denied no federal constitutional right, nor otherwise prejudiced, by his inability to appeal from his original conviction in 1956,

It is ordered that the petition is dismissed and the writ denied.