**STATE of Maine**

v.

**William E. GREAVES.**

Supreme Judicial Court of Maine.

Sept. 27, 1971.

Foahd J. Saliem, County Atty., Augusta, for plaintiff.

Bernard R. Cratty, Waterville, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM.

*On appeal.* The Defendant was indicted for a violation of 17 M.R.S.A. § 2656, assault with intent to kill. The charge arose from the near fatal stabbing of the Defendant's fifteen year old step-daughter while she was lying in her bed. The Jury found the Appellant guilty of assault of a high and aggravated nature, from which conviction he has appealed, being represented on appeal by a Court appointed attorney other than the one who represented him at trial.

In the Appellant's brief the issue is thus stated:

"Appellant desires that his appeal be based on the grounds that his Court appointed attorney at trial did not afford him adequate defense, and that he therefore was deprived of the opportunity for a fair trial."

To support this issue Appellant, *dehors the record,* cites three instances of alleged incompetency of counsel. An Appellate Court cannot consider any question that is not contained in, or properly raised by, the record on appeal. State v. Townsend (1950), 145 Me. 384, 71 A.2d 517. See also 24A C.J.S. Criminal Law § 1796, p. 407. The record itself completely supports the comment of the Presiding Justice to the Appellant at the sentencing procedure: "Counsel * * * has done an extremely able job for you."

Review of criminal convictions by appeal and the remedies afforded under 14 M.R.S.A. § 5502 (post-conviction habeas corpus) are not interchangeable procedures. We have repeatedly held that incompetency of court appointed trial counsel is an issue

which is reached by post-conviction habeas corpus and not by appeal. State v. Lund (Me.1970), 266 A.2d 869; State v. Pullen (Me.1970), 266 A.2d 222; State v. Wilbur (Me.1971), 278 A.2d 139; State v. Chase (Me.1971), 280 A.2d 550. On the issue before us this is reason to deny the appeal.

Because of the serious nature of the charge, however, we have read the complete record with care and find it to be free of legal error. As we view this record, the verdict returned by the Jury was as favorable an application of the law to the facts of this case as the Defendant could expect, bearing in mind that assault of a high and aggravated nature is a lesser offense included within the graver charge of assault with intent to kill, Weeks v. State (Me.1969), 250 A.2d 827, and that a conviction for aggravated assault and battery is valid even though the evidence may disclose that the assault was perpetrated with a specific felonious intent. State v. Thayer (Me.1971), 281 A.2d 315.

The entry is

Appeal denied.

All Justices concur.