STATE of Maine

v.

Daniel CALL.

Supreme Judicial Court of Maine.

July 10, 1974.

Henry N. Berry, III, Co. Atty., Portland, Martha Whitten, Law Student, for State.

Preti & Flaherty, by Robert E. Burns, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

On September 21, 1972, a Cumberland County Superior Court jury found the Defendant, Daniel Call, guilty of robbery in violation of 17 M.R.S.A. § 3401. The State's eyewitness to the crime was Robert Eaton, a part-time service attendant at the Mill Creek Shell Service Station in South Portland. Eaton testified that on the evening of July 21, 1972 he was working the four-to-twelve shift alone at the service station. It was a clear night and the station was well lighted. At approximately 11:15 p. m., a blue Ford Galaxy containing two men drove into the station. Both men got out of the automobile and requested a lug wrench to tighten the back lugs on the car. Eaton procured the wrench for the men and then walked back to the station building. A short time later, he was assaulted in the station by the two men, one of whom hit him several blows about the body with the lug wrench. The men removed the cash register key from his belt and, although he could not make a direct observation, he heard one of the men open the cash register. After the men left, Eaton found over one hundred dollars in cash to be missing. He described the man who hit him with the wrench as being between the ages of sixteen and eighteen years, weighing between one hundred forty-five and one hundred fifty pounds, having long blond hair and blue eyes. Upon an examinations of those present in the courtroom, he identified the Defendant as the man who borrowed the lug wrench and later struck him with it.

To contradict the State's evidence, the defense presented four alibi witnesses who testified as to the presence of the Defendant at places other than the service station during the time the crime was being committed. The defense also presented an admitted participant in the crime, who was a friend of Daniel Call, but who asserted that a person other than the Defendant was his accomplice in the robbery. The Defendant also testified in his own defense.

At the close of the State's evidence, trial counsel for the Defendant moved for a judgment of acquittal pursuant to M.R. Crim.P., Rule 29(a). The motion was denied. The motion was not renewed at the end of all the evidence, nor was it offered within ten days after the verdict of guilty as required by M.R.Crim.P., Rule 29(b). No motion for new trial pursuant to M.R. Crim.P., Rule 33 was entered within the requisite ten-day period.

Trial counsel was relieved of his responsibility on the day judgment was entered. New counsel was appointed for the appeal. Although three days remained to request a new trial after his appointment, the newly-appointed counsel made no such motion. We recognize that the second assigned counsel would have been disadvantaged in the prosecution of a motion for new trial, inasmuch as the transcript of the evidence, from which he could competently argue the appeal, was not then available to him.

On appeal, the Appellant acknowledges that since a motion for new trial was not filed, nor a motion for judgment of acquittal entered at the close of all the evidence, the question of the sufficiency of the evidence is not available on appeal. State v. Gamage, Me., 301 A.2d 347, 348 (1973);

State v. Pullen, Me., 266 A.2d 222, 229 (1970).

Appellant does maintain, however, that the record clearly indicates there was substantial doubt as to the sufficiency of the evidence to support the verdict. As the trial Justice was in the best position to judge the credibility of the witnesses, he might have found, upon proper motion, that the jury verdict was against the weight of the evidence and either acquitted the Defendant or granted him a new trial. The Appellant suggests that, as the final reviewer of the credibility of the witnesses, the trial Justice may have reached such a conclusion even though the imperative for such a ruling does not appear as a matter of record.

From this factual assumption, Appellant argues that the failure of the trial counsel to provide an opportunity for the trial Justice to review the sufficiency of the evidence (and preserve the issue for review) is without rational explanation or justification. This is so whether the trial Justice ultimately would have found for the Defendant or not. The argument concludes by reasoning that the lack of opportunity for the presiding Judge to review the credibility of the testimony and correct possible error on the part of the jury resulted in a denial of the Defendant's right to due process of law.

■ We note initially that Appellant's basic premise—that the trial Judge may substitute his judgment as to the credibility

of the witnesses for the judgment of the jury—is incorrect. It is within the exclusive province of the jury to determine the credence to be given the witnesses and the weight of their testimony. *Cf.* State v. Trask, Me., 223 A.2d 823 (1966); State v. Fischer, Me., 238 A.2d 210 (1968). Upon a motion for judgment of acquittal or new trial, the trial Judge is limited in his review of the evidence to determining whether there was relevant evidence from which the jury could have properly concluded that the accused was guilty beyond a reasonable doubt. The judge may not independently appraise the believability of testimony or weigh its value so as to ascertain whether he would reach the same conclusion of guilt, based on such testimony, as that reached by the jury.[1]

■ Aside from the lack of substantive merit in the essential premise supporting Appellant's argument, we further note that he has pursued an improper route for the assertion of his claim. It is apparent, upon a reading of Appellant's argument, that he has attempted to rephrase the Sixth and Fourteenth Amendment claims of inadequate representation of counsel in terms of their consequential effect, so as to obtain review of the issue on direct appeal. This Court has repeatedly held that the adequacy of counsel may not be reviewed on direct appeal but is available for consideration only in habeas corpus post conviction proceedings. State v. Greaves, Me., 281 A.2d 445 (1971); State v. Chase, Me., 280 A.2d 550 (1971); State v. Wilbur, Me.,

1. The federal courts employ a different standard for the trial Judge in his review of the evidence on a motion for judgment of acquittal (F.R.Crim.P., Rule 29) from that employed for review of evidence upon a motion for new trial (F.R.Crim.P., Rule 33). Upon a motion for new trial, federal district courts may consider the credibility of the witnesses in determining whether the verdict is contrary to the weight of the evidence. United States v. Zannino, 468 F.2d 1299, 1303 (1st Cir. 1972); United States v. Leach, 427 F.2d 1107, 1111 (1st Cir. 1970); cert. denied, 400 U.S. 829, 91 S.Ct. 95, 27 L.Ed.2d 59 (1970). The motion for judgment of acquittal requires the federal trial court to approach the evidence from a standpoint most favorable to the government, and to assume the truth of the evidence offered by the prosecution. *See* Wright, Federal Practice and Procedure: Criminal § 533. The Maine standard for determining a motion for judgment of acquittal and a motion for new trial based on the insufficiency of the evidence is the same. That standard excludes consideration of witnesses' credibility by the trial court.

278 A.2d 139 (1971); State v. Pullen, Me., 266 A.2d 222 (1970); State v. Lund, Me., 266 A.2d 869 (1970).

The reasons for this restriction on appellate review have been amply explained. Appeals are taken to the Law Court pursuant to M.R.Crim.P., Rule 37(a) which provides in pertinent part:

An appeal from a judgment, whenever taken, preserves for review any claim of error in the record including any claim of error in the denial of a motion for a new trial, the denial of a motion for judgment of acquittal, or the denial of a motion in arrest of judgment.

The competency of trial counsel was not challenged before the Court below and is presented for the first time on this appeal. Absent a claim of error, the issue is inappropriate for review under Rule 37(a). The question "does not come within the literal terms, nor the spirit, of the rule." State v. Pullen, *supra*, 266 A.2d at 230–231. To determine this issue on direct appeal would deny the impugned counsel an opportunity to defend and explain his conduct. In that event, great and unnecessary harm might be done to the reputation of the lawyer and, in addition, we would be denied the fullest possible development of the issue on review. In the interests of fairness and the effectiveness of judicial inquiry, it is preferable to allow a full evidentiary hearing, where both the criticized counsel and his disappointed client may be given an opportunity to be heard. The habeas corpus post conviction proceedings provided for under 14 M.R.S.A. §§ 5502–5508 are available for this purpose. *See* State v. Lund, *supra*; State v. Pullen, *supra*.

▮ There may be exception to the above stated rule where the ineptness of counsel appears as a matter of record and so interferes with Defendant's right to a fair trial as to amount to a due process violation. We have stated that we will entertain the issue on direct appeal where

. . . the appeal record, within its own confines, establishes beyond possibility of rational disagreement the existence of representational deficiencies by counsel which are plainly, beyond rational explanation or justification and are of sufficient magnitude to have made the trial, in effect, a sham. State v. Leblanc, Me., 290 A.2d 193, 202 (1972).

The power of this Court so to act is contained in its inherent power to grant relief for manifest error. State v. Pullen, *supra*, 266 A.2d at 231. M.R.Crim.P., Rule 52(b).

▮ We have stated with equal clarity, however, that complaints of inadequate representation of counsel may not be converted into charges of obvious error merely by directing the Court's attention to the impact of the alleged misrepresentation, rather than to the actual ineffective assistance itself. State v. Lund, *supra*, 266 A.2d at 873. The failure to make or renew a motion for judgment of acquittal—or enter a motion for new trial—at the close of all the evidence does not constitute manifest error on the part of counsel. State v. Pullen, *supra*, 266 A.2d at 230, 231. Consequently, the resulting loss of opportunity for review of the sufficiency of the evidence by the trial court at the close of the case, or by this Court on direct appeal, is also not manifest error.

In reaching this decision, we make no additional comment on the standards of effective assistance of counsel or possible claims of a petition for a writ of habeas corpus. We do assert that this record on its face discloses no obvious error on the part of the trial attorney depriving Defendant of his right to counsel and a fair trial.

▮ Furthermore, although the issue was not properly preserved for review, we find no obvious error in the sufficiency of the evidence to support the verdict. The jury was presented with a direct conflict of testimony between defense and prosecution witnesses relative to the location and

activities of the Defendant on the night in question. It was their responsibility to consider the credibility of the witnesses and weigh the value of their testimony. State v. Brown, Me., 302 A.2d 322 (1973); State v. O'Clair, Me., 292 A.2d 186 (1972); Wood v. State, 161 Me. 87, 207 A.2d 398 (1965), cert. denied 380 U.S. 986, 85 S.Ct. 1357, 14 L.Ed.2d 278 (1965); 381 U.S. 929, 85 S.Ct. 1570, 14 L.Ed.2d 688 (1965). The uncorroborated and contradicted testimony of a single robbery victim may support a verdict of guilty. State v. Trask, Me., *supra*. Robert Eaton was positive in his identification of Daniel Call as his assailant. The jury believed Eaton and was convinced of Call's guilt beyond a reasonable doubt. We find no error in their judgment.

The entry shall be,

Appeal denied.

All Justices concurring.