**STATE of Maine**

v.

**Rudolph BLIER.**

Supreme Judicial Court of Maine.

April 7, 1977.

Paul T. Pierson, Asst. Dist. Atty., John E. Welch, Dist. Atty., Houlton, for plaintiff.

Lilley, Snitger & Wolhaupter by Jean M. Deighan, Daniel G. Lilley, Portland, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

DUFRESNE, Chief Justice.

Rudolph Blier, the appellant, on December 8, 1975, was convicted by an Aroostook County Superior Court jury of the offense of operating a motor vehicle after suspension in violation of 29 M.R.S.A., § 787(7). He seasonably appealed to the Law Court on the sole issue that it was reversible error for the trial Justice to deny his motion for judgment of acquittal at the close of all the evidence. We deny the appeal.

█ In deciding whether a judgment of acquittal should be entered on a defendant's motion pursuant to Rule 29(a), M.R.Crim.P.,[1] the trial Justice should approach the evidence from a standpoint most favorable to the government, assume the truth of the evidence offered by the prosecution, and determine from his review of the evidence in its totality whether there was relevant evidence from which the jury could have properly concluded that the accused was guilty beyond a reasonable doubt. *State v. Matheson,* 1976, Me., 363 A.2d 716; *State v. Jackson,* 1975, Me., 331 A.2d 361; *State v. Call,* 1974, Me., 322 A.2d 64.

In the instant case, the only factual issue submitted to the jury for consideration and decision was, whether the appellant on May 17, 1975 did operate a motor vehicle in the Town of Van Buren, Maine, Blier having stipulated during the trial that his driver's license was under suspension on that date.

The facts may be summarized as follows: Officer Hubert Ouellette of the Main State Police, so he testified, in the early afternoon of May 17, 1975, a Saturday, did observe the appellant, Rudolph Blier, operating a red pick-up truck with white top on Route 1 in Van Buren. Knowing Mr. Blier and suspecting that his license to operate a motor vehicle might be under suspension or revocation, Officer Ouellette pursued the pickup truck into the yard of a shingle mill owned by the appellant. According to the officer, Blier alighted from the truck, glanced briefly in his direction and ran behind a wood pile. A search of the mill yard and a wait in the truck proved fruitless and the officer resumed his patrolling duties. Some two hours later, however, as Officer Ouellette drove by the appellant's residence, he saw Rudolph Blier walking from his garage towards the road; he then observed the appellant turn around and run into the garage.

In his defense, the appellant presented two witnesses, his son, Alan Blier and one Lionel Damboise.

Alan Blier testified that he, rather than his father, had been the driver of the pick-up truck on May 17, 1975 and that he was the one Officer Ouellette had followed into

---

1. Rule 29(a), M.R.Crim.P. in pertinent part provides:

    "The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed *if the evidence is insufficient to sustain a conviction of such of-* fense or offenses. \* \* \* If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve the decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict." (Emphasis added)

the mill yard. Young Blier also stated that he had purposely avoided the state trooper, because some two or three years prior thereto he had given free shingles to the officer and did not wish to do so again. The officer, however, in anticipative cross-examination had denied receiving free shingles, asserting positively that he had paid for all the shingles gotten at the mill.

Mr. Damboise, a garage mechanic, who claimed to dabble at times in the buying and selling of wood lots, testified that on May 17, 1975 he had driven the appellant to Houlton for the purpose of interesting him in buying wood lots owned by one Harris. The trip allegedly consumed the entire day. Damboise conceded that he had previously done some repair work on the appellant's motor vehicle and machinery, and that he was not a real estate broker. He had difficulty recalling when Mr. Harris had informed him that the wood lots were for sale.

▮ The jury was presented with conflicting testimony. In reviewing the evidence we must bear in mind that the reasonable doubt which will prevent conviction and support a motion for judgment of acquittal must be that of the jury, the trier of the facts, and not that of the appellate court. *State v. Bonney*, 1976, Me., 351 A.2d 107, 110.

▮ In a jury case, our duty as an appellate court in ruling upon the propriety of the denial of a motion for judgment of acquittal is to determine whether, in view of all the testimony, there was believable evidence from which the jury was warranted in believing beyond a reasonable doubt that the defendant was guilty. *State v. Mann*, 1976, Me., 361 A.2d 897, 906; *State v. Goldman*, 1971, Me., 281 A.2d 8, 12; *State v. Arsenault*, 1956, 152 Me. 121, 127, 124 A.2d 741, 744.

▮ In determining the sufficiency of the evidence to warrant belief beyond a reasonable doubt, the appellate court must review the record with the rule in mind that it is for the jury to determine the credence to be given the witnesses, the weight of their testimony and ultimately to resolve the conflicts in the evidence. *State v. Worrey*, 1974, Me., 322 A.2d 73, 77; *State v. O'Clair*, 1972, Me., 292 A.2d 186, 196; *Wood v. State*, 1965, 161 Me. 87, 207 A.2d 398, cert. denied, 380 U.S. 986, 85 S.Ct. 1357, 14 L.Ed.2d 278 and 381 U.S. 929, 85 S.Ct. 1570, 14 L.Ed.2d 638.

▮ Applying the reference standards, this Court has held that proof beyond a reasonable doubt may rest upon the testimony of a single witness. *State v. Bonney*, supra, at 110; *State v. Trask*, 1966, Me., 223 A.2d 823, 825.

▮ Considering that the jury had the advantage of observing the appearance and demeanor of the witnesses while testifying, which gives it an ability to evaluate the testimony superior to that of a reviewing appellate court (*State v. Miller*, 1969, Me., 252 A.2d 321, 326), we must say that it could justifiably rest its decision upon the testimony of Officer Ouellette while rejecting that of the witnesses for the defense.

Officer Ouellette knew the appellant and had three opportunities to observe him in daylight conditions on the date of the alleged offense. His identification of the appellant as the driver of the pick-up truck was positive and unequivocal. In contrast thereto, Young Blier's explanation of his reason to avoid the state trooper could have been construed by the jury as unreal, while Damboise's credibility was severely shaken by his inability to supply specifics in relation to the Harris wood lots.

Credibility of the only eyewitness to the offense charged against the appellant was properly a question for the jury which found the identification testimony credible despite defense testimony tending to support a claim of misidentification. The jury was justified in finding the appellant guilty beyond a reasonable doubt. The motion for judgment of acquittal was properly denied.

The entry will be

Appeal denied.

All Justices concurring.